1  Dillon E. Jackson WSBA #1539
   Foster Pepper PLLC
2  1111 Third Avenue, Suite 3400
   Seattle, Washington 98101-3299
3  Telephone:     (206) 447-4400
   Facsimile No.: (206) 447-9700
4
   G. Larry Engel (*pro hac admission pending*)
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:     (415) 268-7000
7  Facsimile No.: (415) 268-7522

8  Proposed Counsel for
   AMERICANWEST BANCORPORATION
9

10

11            UNITED STATES BANKRUPTCY COURT

12            EASTERN DISTRICT OF WASHINGTON

13

14  In re                          | Case No.   10-06097-PCW-11

15  AMERICANWEST
    BANCORPORATION,                | Chapter 11
16
              Debtor.              | **ORDER PURSUANT TO 11
17                                 | U.S.C. §§ 105(a), 363(b), AND
                                   | 365; FED. R. BANKR. P. 2002,
18                                 | 6004, 6006, AND 9014; AND
                                   | B.L.R. 6004-1 APPROVING (A)
19                                 | BIDDING PROCEDURES, (B)
                                   | BIDDING PROTECTIONS,
20                                 | AND (C) THE FORM AND
                                   | MANNER OF NOTICE OF (i)
21                                 | THE SALE OF CERTAIN
                                   | ASSETS AND (ii) THE
22                                 | ASSUMPTION AND
                                   | ASSIGNMENT OF CERTAIN
23                                 | EXECUTORY CONTRACTS,
                                   | AND GRANTING RELATED
24                                 | RELIEF**

25

26

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS -

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 1 of 47

1    This matter having come before this Court on the motion of

2    AmericanWest Bancorporation ("AWBC")[1] for Orders Pursuant to §§ 105(a),

3    363(b), and 365 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C.

4    §§ 101, *et. seq.* (the "Bankruptcy Code"); Rules 2002, 6004, 6006, and 9014 of

5    the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule

6    6004-1 of the Local Rules for the United States Bankruptcy Court of the

7    Eastern District of Washington (the "Local Rules") (I) Approving (A) Bidding

8    Procedures, (B) Bidding Protections, and (C) the Form and Manner of the

9    Notice of Sale and Assignment Notice; (II) Authorizing and Approving (A) the

10   Sale of Certain Assets Free and Clear of All Encumbrances and (B) the

11   Assumption and Assignment of Certain Executory Contracts; and (III) Waiving

12   the 14-Day Stay of Bankruptcy Rules 6004(h) and 6006(d) (the "Sale

13   Motion");[2] and AWBC, by the Sale Motion, having requested the entry of an

14   order (the "Bidding Procedures Order") (a) approving bidding procedures in

15   connection with the Sale (the "Bidding Procedures"); (b) approving the

16   Minimum Overbid, the Stalking-Horse Bidder's Fee, and bidding increments of

17   no less than $500,000 (the "Bidding Increments") (collectively, the "Bidding

18   Protections") pursuant to and as described in the APA; (c) approving the form

19   and manner of (i) the notice that will be filed with this Court and served on all

20   creditors and parties-in-interest regarding the Sale and related Sale Hearing (the

21

22   _____

23       [1] All capitalized terms not otherwise defined herein shall have the
     meanings ascribed to them in the Sale Motion or related Asset Purchase

24   Agreement (the "APA"), as appropriate.

25

26

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 2

sf-2859682

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1     "Notice of Sale") and (ii) the notice of the assumption and assignment of certain

2     executory contracts (the "365 Contracts") and the cure amounts in respect

3     thereof (the "Assignment Notice"); and (d) scheduling a hearing at which this

4     Court will consider approval of the Sale pursuant to and as described in the

5     APA (the "Sale Hearing"); and AWBC having determined that approving the

6     Bidding Procedures, authorizing the Bidding Protections, and granting the other

7     relief requested in the Sale Motion will induce competitive bidding for

8     AWBC's assets and will maximize the value of AWBC's estate; and this Court

9     having reviewed and considered (i) the Sale Motion and the exhibits thereto;

10     (ii) arguments of counsel in support of the entry of the Bidding Procedures

11     Order; and (iii) the opposition thereto, if any, at a hearing for such purpose (the

12     "Bidding Procedures Hearing"); and it appearing that the relief requested in the

13     Sale Motion is in the best interests of AWBC, its estate, its creditors, and other

14     parties-in-interest; and it appearing that notice of the Sale Motion has been

15     given as set forth in the Sale Motion and that no other or further notice need be

16     given; and upon the record of the Bidding Procedures Hearing; and after due

17     deliberation thereon; and good cause appearing therefore, it is hereby

18        FOUND AND DETERMINED THAT:[3]

19        A.     This Court has jurisdiction over this matter and over the property

20     of AWBC and its bankruptcy estate pursuant to 28 U.S.C. § 1334 and

21     § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 1334 and

22     § 157(b)(2)(A), (N), and (O). Venue is proper before this Court pursuant to 28

23

24        [3] Findings of fact shall be construed as conclusions of law and

25     conclusions of law shall be construed as findings of fact when appropriate. *See*

26     Fed. R. Bankr. P. 7052.

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 3

sf-2859682

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

1 | U.S.C. §§ 1408 and 1409.

2 |      B.    AWBC has articulated good and sufficient reasons for approving
3 | (i) the Bidding Procedures; (ii) the Bidding Protections; (iii) the form and
4 | manner of the Notice of Sale; (iv) the form and manner of notice of the
5 | Assignment Notice; and, in connection therewith, (v) the procedures described
6 | below for the determination of the amounts necessary to cure defaults under the
7 | 365 Contracts (the "Cure Costs") and to address any other disputes in
8 | connection with the assumption and assignment of the 365 Contracts pursuant
9 | to section 365 of the Bankruptcy Code.

10 |      C.    AWBC has articulated good and sufficient reasons for scheduling
11 | the Sale Hearing.

12 |      D.    The Bidding Protections are beneficial to AWBC's estate because
13 | they will ensure a competitive and efficient bidding process and will enhance
14 | AWBC's ability to maximize the value of its assets for the benefit of its
15 | creditors. The terms and conditions of the Bidding Protections are fair and
16 | reasonable and are the product of extended good faith, arm's-length
17 | negotiations between AWBC and the Purchaser.

18 |      (i)    Stalking-Horse Bidder's Fee. The approval of the Stalking-Horse
19 |      Bidder Fee is an integral part of the transactions contemplated by
20 |      the APA, and is necessary to ensure that the Purchaser will
21 |      continue to pursue its proposed acquisition of the Shares and the
22 |      Other Purchased Assets. AWBC's payment of the Stalking-Horse
23 |      Bidder's Fee on the terms and conditions set forth in the APA is
24 |      reasonable in relation to the Purchaser's efforts, the magnitude of
25 |      the Contemplated Transactions, and the Purchaser's lost
26 |      opportunities resulting from the time spent pursuing the

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

Contemplated Transactions. The Purchaser has expended over $1 million in documenting and negotiating the Sale, therefore, the Stalking-Horse Bidder Fee of $1 million is directly related to the unreimbursed amounts incurred by the Purchaser in relation to the Contemplated Transactions herein. In the absence of AWBC's obligation to pay the Stalking-Horse Bidder's Fee in its entirety, the Purchaser would not have entered into the APA. The assurance of the Stalking-Horse Bidder's Fee therefore promotes more competitive bidding by inducing the Purchaser's bid that otherwise would not have been made, and without which bidding would have been limited.

(ii)    Minimum Overbid. The Minimum Overbid will also benefit AWBC's estate because it will function as an effective tool to identify only highly motivated bidders. A Minimum Overbid on the terms described in the Bidding Procedures will ensure both that the competing bidders are serious and that their overbids are meaningfully better for AWBC (considering the added cost of facilitating further diligence to new bidders under time and publicity constraints). The Minimum Overbid will ensure that the Auction will generate a material benefit to AWBC's estate as a whole.

(iii)   Bidding Increments. Similarly, the Bidding Increments, on the terms described in the Bidding Procedures, will function as an effective filtering tool in the pool of prospective bidders and ensure that competing bidders are seriously motivated to purchase the Shares and the Other Purchased Assets. Thus, the Bidding

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 5

sf-2859682

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1      Increments also provide a benefit to AWBC's estate.

2      F.      Under the circumstances, and particularly in light of the extensive
3   prior marketing of the Shares and the Other Purchased Assets, the Bidding
4   Procedures constitute a reasonable, sufficient, adequate, and proper means to
5   provide potential competing bidders with an opportunity to submit and pursue
6   higher and better offers for the Shares and the Other Purchased Assets.

7      G.      Time is of the essence with respect to the entry of this Bidding
8   Procedures Order.

9      H.      AWBC's estate will suffer harm if the relief requested in the Sale
10  Motion is not granted on an expedited basis consistent with the provisions set
11  forth herein and the APA.

12     I.      The Sale Motion and this Bidding Procedures Order comply with
13  all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and
14  the Local Bankruptcy Rules.

15  NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND
16  DECREED THAT:

17     1.      Subject to the provisions of below paragraph 14(b), the Sale
18  Motion is GRANTED to the extent set forth herein on an interim basis, except
19  with respect to the paragraphs 8 and 10, which are approved on a final basis.

20     2.      The Bidding Procedures set forth in this Bidding Procedures Order
21  shall be utilized in (i) the marketing, negotiating and consummating the Sale of
22  the Shares and the Other Purchased Assets free and clear of all Encumbrances
23  and (ii) the assumption, and assignment to the Bank, by AWBC of certain 365
24  Contracts.

25

26

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2859682

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 6 of 47

Bidding Procedures

2          3.      The Bidding Procedures, as set forth in Exhibit A hereto (and

3     incorporated herein by reference as if fully set forth in this Bidding Procedures

4     Order), are hereby approved and shall govern all proceedings relating to the

5     Sale, the APA, and any subsequent bids for the Shares and the Other Purchased

6     Assets in this case.

7          4.      The failure specifically to include or reference any particular

8     provision of the Bidding Procedures in this Order shall not diminish or impair

9     the effectiveness of such procedure, it being the intent of this Court that the

10    Bidding Procedures be authorized and approved in their entirety.

11         5.      Any person wishing to submit a higher or better offer for the

12    Shares and the Other Purchased Assets, or any portion thereof, must do so in

13    accordance with the terms of the Bidding Procedures.

14         6.      No other party submitting any other offer to purchase the Shares

15    and the Other Purchased Assets (or a portion thereof) or having made a

16    Qualified Bid of any nature: (a) may request as part of any such offer any

17    expense reimbursement, break-up fee, or termination payment or any other

18    similar fee or payment in connection with the Sale process contemplated by

19    these Bidding Procedures; or (b) shall be entitled to any of the foregoing

20    payments by reason of having tendered any such offer to purchase the Shares

21    and the Other Purchased Assets (or a portion thereof).

22         7.      In order to participate at the Auction, an Overbidder must submit

23    its bid in a form acceptable to AWBC (with copies to certain professionals as

24    explained in the Bidding Procedures) on or before ten days before the Sale

25    Hearing (the "Bid Deadline"), as further described in the Bidding Procedures.

26

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

1  | <u>Bidding Protections</u>

2  | 8.    The Stalking-Horse Bidder Fee is approved on a final basis.

3  | 9.    The Bidding Protections described in the APA are hereby
4  | approved and shall be enforceable in accordance with the APA's terms. AWBC
5  | is hereby authorized to make the Bidding Protection payments, subject to the
6  | terms and conditions set forth in the APA, provided that in no event will the
7  | Bidding Protections be paid in the absence of a Sale Order. AWBC's
8  | obligations in respect of the Stalking-Horse Bidder's Fee shall survive
9  | termination of the APA and, until paid, shall constitute an administrative
10 | expense of AWBC's estate pursuant to sections 503(b) and 507(a)(l) of the
11 | Bankruptcy Code and shall be paid in accordance with the term of the APA
12 | without further order of this Court.

13 | <u>Sale Hearing</u>

14 | 10.    On a final basis, it is determined that the Sale Hearing to consider
15 | approval of the Sale to the Successful Bidder (or to approve the APA if no
16 | Auction is held) will take place on December 9, 2010 at 1:30 p.m. (prevailing
17 | Pacific Time) in the courtroom of the Honorable Judge Williams in the United
18 | States Bankruptcy Court for the Eastern District of Washington, 904 West
19 | Riverside Avenue, Suite 304, Spokane, Washington 99201.

20 | 11.    Objections to the entry of an order approving the Sale and the
21 | related relief requested in the Sale Motion must be made in writing and must be
22 | filed with this Court and served upon the following parties so as to be received
23 | by no later than five (5) days prior to the Sale Hearing: (i) Foster Pepper PLLC,
24 | 1111 Third Avenue, Suite 3400, Seattle, Washington 98101-3299, proposed
25 | counsel for AWBC; (ii) Larry Engel, Morrison & Foerster LLP, 425 Market
26 | Street, San Francisco, California 94105-2482, proposed special counsel for

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2859682

10-06097-FPC11   Doc 64-3   Filed 11/03/10   Entered 11/03/10 20:28:28   Pg 8 of 47

1 AWBC and the Company Individuals; (iii) Kenneth Kohler, Morrison &
2 Foerster LLP, 555 West Fifth Street, Suite 3500, Los Angeles, CA 90013-1024,
3 proposed special counsel for AWBC and the Company Individuals; (iv) Van C.
4 Durrer II, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Ave.,
5 Suite 3400, Los Angeles, CA 90071, counsel for the Purchaser; (v) the Office
6 of the United States Trustee; and (vi) Sandler O'Neill & Partners, L.P., 455
7 Market Street, Suite 2070, San Francisco, CA 94105, Attn: Albert Glowasky,
8 financial advisor to AWBC.

9     12. The Sale Hearing may be adjourned from time to time without
10 further notice to creditors or parties-in-interest other than by announcement of
11 the adjournment in open Court or on this Court's calendar on the date scheduled
12 for the Sale Hearing or any adjourned date.

13 Assumption and Assignment Procedures

14     13. The following procedures shall govern the assumption and
15 assignment of 365 Contracts in connection with the Sale:

16     (a) AWBC shall, within two (2) days after the entry of the Bidding
17 Procedures Order on this Court's docket, serve on each of the non-debtor
18 counterparties to the 365 Contracts (each a "Counterparty") a notice
19 substantially in the form annexed hereto as Exhibit D (the "Assignment
20 Notice") specifying the cure amounts necessary to assume each of the 365
21 Contracts (the "Cure Cost") and AWBC's intention to assume and assign such
22 agreements to the Bank. The Assignment Notice may also identify any
23 additional terms or conditions of assumption and assignment.

24     (b) Objections, if any, to the proposed Cure Costs, or to the proposed
25 assumption and assignment of the 365 Contracts, including, but not limited to,
26 objections relating to adequate assurance of future performance or objections

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2859682

relating to whether applicable law excuses the Counterparty from accepting performance by, or rendering performance to, the Bank for purposes of section 365(c)(1) of the Bankruptcy Code, must be in writing and filed with this Court and served on the Notice Parties (as defined hereinafter) so as to be received no later than ten days after service of an Assignment Notice (the "Designation and Cure Objection Deadline").

(c)     Where a Counterparty files an objection meeting the requirements set forth herein, objecting to the assumption by AWBC and assignment to the Bank of such 365 Contract (the "Disputed Designation") and/or asserting a cure amount higher than the proposed Cure Costs listed on the Assignment Notice (the "Disputed Cure Costs"), AWBC, the Purchaser, or the Successful Bidder (as the case may be), and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If AWBC, the Counterparty, and the Purchaser (or the Successful Bidder, as the case may be), determine that the objection cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Designation and/or the amount to be paid under section 365 of the Bankruptcy Code with respect to the Disputed Cure Costs will be determined by this Court at the next scheduled omnibus hearing that is on a date not less than ten days after the service of such objection, or such other date as determined by this Court, unless AWBC, the Purchaser (or the Successful Bidder, as the case may be), and the Counterparty to the 365 Contract agree otherwise. If this Court determines at this hearing that the 365 Contract will not be assumed and assigned, then such executory contract shall no longer be considered a 365 Contract, provided, however, that after such determination is made by this Court, AWBC may propose a new Cure Cost in accordance with

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 10

sf-2859682

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

the procedures set forth herein, including providing the applicable Counterparty with the Assignment Notice setting forth the redesignation and proposed new Cure Cost of the 365 Contract.

(d)     Any Counterparty to a 365 Contract who fails to timely file an objection to the proposed Cure Costs or the proposed assumption and assignment of a 365 Contract by the Designation and Cure Objection Deadline is deemed to have consented to such Cure Costs and the assumption and assignment of such 365 Contract, and such party shall be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against AWBC, its estate, the Bank, or the Purchaser (or the Successful Bidder, as the case may be).

(e)     If the Counterparty to a 365 Contract fails to timely object to the assumption and assignment of a 365 Contract or the proposed Cure Cost relating thereto by the Designation and Cure Objection Deadline, or upon the resolution of any timely objection by agreement of the parties or order of this Court approving an assumption and assignment, such 365 Contract shall be deemed to be assumed by AWBC and assigned to the Bank, and the proposed Cure Cost related to such 365 Contract shall be established and approved in all respects, subject to the conditions set forth directly below.

(f)     AWBC's decision to assume and assign the 365 Contracts is subject to Court approval and consummation of the Sale. Accordingly, subject to the satisfaction of conditions in connection with the Sale, AWBC shall be deemed to have assumed and assigned the 365 Contracts as of the date of and effective only upon the Closing Date (as defined in the APA), and absent such closing, each of the 365 Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to subsequent assumption or

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

10-06097-FPC11     Doc 64-3     Filed 11/03/10     Entered 11/03/10 20:28:28     Pg 11 of 47

rejection by AWBC under the Bankruptcy Code. Also, inclusion of any document on the list of 365 Contracts in the Assignment Notice shall not constitute or be deemed to be a determination or admission by AWBC, the Bank, or the Purchaser (or the Successful Bidder, as the case may be) that such document is, in fact, an executory contract within the meaning of the Bankruptcy Code, all rights with respect thereto being expressly reserved.

(g) Except as may otherwise be agreed to by the parties to a 365 Contract, the defaults under the 365 Contracts that must be cured in accordance with section 365(b) of the Bankruptcy Code shall be cured as follows: AWBC shall pay all Cure Costs relating to an assumed executory contract within ten days after the later of (i) the Closing Date or (ii) the date on which such 365 Contract is deemed assumed and assigned.

Notice

14. The form and manner of notice of (a) the Notice of Sale and (b) the Assumption Notice, in each case as described in the Sale Motion, shall be good and sufficient, and no other or further notice thereof shall be required, if given as follows:

(a) AWBC shall, within two (2) days of the entry of this Bidding Procedures Order on this Court's docket, serve a copy of each of the Sale Motion, the proposed form of Sale Order, the Bidding Procedures Order, and a copy of the Notice of Sale, substantially in the form attached to the Sale Motion as Exhibit E, by first-class mail, postage prepaid, upon the following parties (collectively, the "Notice Parties"): (i) all entities known to have expressed an interest in a transaction with respect to AWBC, the Bank or the Shares and the Other Purchased Assets (or a portion thereof); (ii) any entities known to have asserted any Encumbrance in or upon the Shares or the Other Purchased Assets;

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 12

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

1  (iii) all federal, state, and local regulatory or taxing authorities or recording
2  offices which have a reasonably known interest in the relief requested by the
3  Motion, including the FDIC and the DFI; (iv) all parties to the APA and all
4  related agreements; (v) the Office of the United States Trustee; (vi) the
5  Securities and Exchange Commission; (vii) the Internal Revenue Service;
6  (viii) Wilmington Trust Company; (ix) U.S. Bank National Association;
7  (x) Preferred Trust Securities, Ltd. VII; (xi) Preferred Trust Securities, Ltd. X;
8  (xii) Preferred Trust Securities, Ltd. XXII; (xiii) Preferred Trust Securities, Ltd.
9  XXV; (xiv) Bank of New York Mellon; (xv) all entities that have requested
10 notice in accordance with Bankruptcy Rule 2002; (xvii) all other known
11 creditors of AWBC; and (xviii) counsel to any official committee established in
12 this Chapter 11 case.;

13      (b)    The final hearing to consider the interim relief granted herein
14 (excluding paragraphs 8 and 10) is scheduled for November 18, 2010 at 1:30
15 p.m. (prevailing Pacific Time) before this Court (the "Final Hearing"). On or
16 before November 15, 2010 at 1:30 p.m. (prevailing Pacific Time) (the
17 "Objection Deadline") objections to the entry of a final order approving such
18 interim relief on a final basis may be filed by any of the following parties: (i)
19 the Wilmington Trust Company and U.S. Bank National Association as
20 indenture trustees (the "Indenture Trustees") for the junior subordinated
21 debentures issued by AWBC; (ii) holders of any TRUPS securities issued by a
22 trust that holds any such debentures (the holder of any such TRUPS securities
23 being referred to herein as "Holders"); (iii) any official committee of unsecured
24 creditors appointed in this Case; and (iv) any party-in-interest. Such objections
25 must be in writing and filed, by the Objection Deadline, with the Clerk of the
26 United States Bankruptcy Court for the Eastern District of Washington, which

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 13

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

1  objections shall be served upon so as to be received on or before the Objection
2  Deadline by: (i) Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle,
3  Washington 98101-3299, proposed counsel for AWBC; (ii) Larry Engel,
4  Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-
5  2482, proposed special counsel for AWBC and the Company Individuals; (iii)
6  Kenneth Kohler, Morrison & Foerster LLP, 555 West Fifth Street, Suite 3500,
7  Los Angeles, CA 90013-1024, proposed special counsel for AWBC and the
8  Company Individuals; (iv) Van C. Durrer II, Skadden, Arps, Slate, Meagher &
9  Flom LLP, 300 South Grand Ave., Suite 3400, Los Angeles, CA 90071,
10  counsel for the Purchaser; (v) the Office of the United States Trustee; and (vi)
11  Sandler O'Neill & Partners, L.P., 455 Market Street, Suite 2070, San Francisco,
12  CA 94105, Attn: Albert Glowasky, financial advisor to AWBC.

13      (c)    Within ten (10) days after the date the Bidding Procedures Order is
14  entered on this Court's docket, or as soon thereafter as is practicable, AWBC
15  shall cause notice substantially in the form of the notice attached to the Sale
16  Motion as <u>Exhibit F</u>, to be published in the national edition of *The Wall Street*
17  *Journal*, *The Seattle Times*, *The Spokesman-Review*, and *The Salt Lake Tribune*.
18  This publication notice shall constitute an additional component of the Notice
19  of Sale; and

20      (d)    AWBC shall serve Assignment Notice on each Counterparty in the
21  manner described above.

22

23

24

25

26

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 14

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

1    15.    This Court shall retain jurisdiction over any matter or dispute

2    arising from or relating to the implementation of this Bidding Procedures Order.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Form of Order settled with Parties in open Court;
21   Presented by:

22   FOSTER PEPPER PLLC

23
     /s/ Dillon E. Jackson
24   Dillon E. Jackson, WSBA #1539
     Christopher M. Alston, WSBA #1£
25
     Proposed Counsel for
26   AMERICANWEST BANCORPOL... 11/03/2010 20:19:45

*Patricia C. Williams*

Patricia C. Williams
Bankruptcy Judge

ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING PROTECTIONS,
AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF ASSETS AND (ii)
ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS - 15

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2859682

# EXHIBIT A

# BIDDING PROCEDURES

By motion dated October 28, 2010 (the "Motion"),[1] AmericanWest Bancorporation ("AWBC"), a Washington corporation and debtor-in-possession in a case under Chapter 11 of the United States Bankruptcy Code (the "Case"), sought approval of, among other things, the procedures pursuant to which it will determine the highest or otherwise best price for the sale (the "Sale") of all of the issued and outstanding shares of common stock (the "Shares") of AWBC's wholly owned subsidiary, AmericanWest Bank, a Washington state-chartered bank (the "Bank" and, together with AWBC, the "Company"), and the Other Purchased Assets, pursuant to the terms of, and substantially in the form of, that certain Asset Purchase Agreement by and among (i) SKBHC Hawks Nest Acquisition Corp, a Delaware corporation, as stalking horse bidder (the "Stalking Horse Bidder"), (ii) SKBHC Holdings LLC, a Delaware limited liability company, and (iii) AWBC (the "Seller"), dated as of October 27, 2010 (the "Purchase Agreement") attached to the Motion.

The following are the "Bidding Procedures" as contemplated in the Purchase Agreement.

(a)     In order to be qualified to receive any confidential information from the Company or the Bank, to submit an Initial Overbid, as that term is hereinafter defined, and to participate in the Auction, a potential bidder (an "Overbidder") must submit each of the following to the Company on a timely basis:

(i)     An executed confidentiality agreement which shall inure to the benefit of the Successful Bidder, in a form and substance acceptable to the Company and the Purchaser; and

(ii)     Current audited financial statements and latest unaudited financial statements of the Overbidder or, if the Overbidder is an entity formed for the purpose of acquiring the Shares and the Other Purchased Assets, current audited financial statements and latest unaudited financial statements of the equity holders or sponsors of the Overbidder who will guarantee the obligations of the Overbidder, or such other form of financial disclosure and/or credit-quality support or enhancement, if any, that will allow the Company to make a reasonable determination as to the Overbidder's financial and other capabilities to consummate the Sale (including, but not limited to, the ability to obtain all

---

[1]     Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

sf-2915713

necessary regulatory approvals with respect to the ownership of the Shares and operation of the Bank on a timely basis).

(b)     In order to participate at the Auction, an Overbidder must submit the following to the Company at least ten (10) days prior to the Sale Hearing (the "Bid Deadline"):

(i)     a proposed asset purchase agreement (the "Competing Purchase Agreement"), executed by the Overbidder, that (a) is on substantially the same terms and conditions as those in this Agreement, along with a redlined, marked copy showing all changes between the Competing Purchase Agreement and this Agreement, (b) provides for a purchase price to be paid to the Company that exceeds the sum of the Cash Purchase Price and the Stalking-Horse Bidder Fee by at least Five Hundred Thousand Dollars ($500,000) or such other initial increment as may be approved by the Bankruptcy Court (such total amount, the "Minimum Overbid"), (c) provides for the recapitalization of the Bank through an equity contribution on terms not less favorable to the Bank than the Equity Contribution and, in any event, on terms acceptable to Governmental Authorities, (d) remains irrevocable until the earlier of the Closing or fifteen (15) days after entry of the Sale Order, (e) disclaims any right of Overbidder to receive a fee analogous to the Stalking-Horse Bidder Fee or to compensation under Bankruptcy Code Section 503(b) for making a substantial contribution and (f) contains a proposed closing date that is not later than the Outside Date hereunder;

(ii)     a cashier's check made payable to the order of the Company in the amount of Eight Million Five Hundred Thousand Dollars ($8,500,000) or such other amount as may be approved by the Bankruptcy Court (the "Overbidder's Deposit") which will be retained by the Company as a nonrefundable deposit for application against the purchase price at the closing of the transaction, or returned to the Overbidder within three (3) calendar days of the Closing, in the event that the Bankruptcy Court does not approve a sale of the Shares and the Other Purchased Assets to the Overbidder;

(iii)     be accompanied by admissible evidence in the form of affidavits or declarations establishing that the Overbidder has the financial ability to pay the purchase price set forth in the Competing Purchase Agreement;

(iv)     remain open until the conclusion of the Sale Hearing;

(v)     contain terms and conditions that are higher and better than the terms and conditions of this Agreement as determined by the Bankruptcy Court

following a report and recommendation by the Company as to the highest and best offer;

      (vi)    provide for a purchase price to be paid to the Company that exceeds the sum of the Purchase Price and the Stalking-Horse Bidder Fee by at least the Minimum Overbid;

      (vii)    be accompanied by admissible evidence in the form of affidavits or declarations establishing the Overbidder's good faith, within the meaning of Section 363(m) of the Bankruptcy Code;

      (viii)    be accompanied by admissible evidence in the form of affidavits or declarations establishing that the Overbidder is capable and qualified, financially, legally, and otherwise, of unconditionally performing all obligations under the Competing Purchase Agreement;

      (ix)    be accompanied by admissible evidence in the form of affidavits or declarations establishing that the Overbidder has or is capable of obtaining all required regulatory approvals to perform all of its obligations under the Competing Purchase Agreement and to close the transaction not later than the Outside Date; and

      (x)    disclaim any right of Overbidder to receive a fee analogous to the Stalking-Horse Bidder Fee or to compensation under Bankruptcy Code Section 503(b) for making a substantial contribution.

      (c)    The Purchaser, and any entity that submits a timely, conforming Competing Asset Purchase Agreement and Overbidder's Deposit (an "Initial Overbid"), as set forth above, shall each be deemed a "Qualified Overbidder" and may bid for the Shares at the Auction, provided that the Purchaser also shall deliver to AWBC a cashier's check made payable to the order of AWBC in the amount of the Overbidder's Deposit on or before the Bid Deadline in order to be deemed a Qualified Overbidder. Any entity (other than the Purchaser) that fails to submit a timely, conforming Initial Overbid, as set forth above, shall be disqualified from bidding for the Shares and the Other Purchased Assets at the Auction.

      (d)    If no timely, conforming Initial Overbid is submitted, the Company shall not conduct an Auction and shall request at the Sale Hearing that the Bankruptcy Court approve this Agreement, including the Sale of the Shares and the Other Purchased Assets to the Purchaser and the Equity Contribution contemplated thereby, and request that the Sale Order shall be immediately

3

effective upon entry, notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 62(g) of the Federal Rules of Civil Procedure;

(e)     If one or more timely conforming Initial Overbids is received, the Company shall conduct an auction of the Shares and the Other Purchased Assets (the "Auction"), subject to approval of the Bankruptcy Court, in which the Purchaser and all other Qualified Overbidders may participate. The Auction shall be governed by the following procedures:

(i)     all Qualified Bidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and to have waived any right to jury trial in connection with any disputes relating to the Auction or the Sale of the Shares and the Other Purchased Assets;

(ii)     all Qualified Bidders shall be deemed to consent to provide the Company with admissible evidence in the form of affidavits or declarations establishing (A) the Qualified Bidder's good faith, within the meaning of Section 363(m) of the Bankruptcy Code, (B) the fact that the Qualified Bidder is capable and qualified, financially, legally, and otherwise, of unconditionally performing all obligations under the Competing Purchase Agreement (or this Agreement) and (C) the fact that the Qualified Bidder has or is capable of obtaining all required regulatory approvals to perform all of its obligations under the Competing Purchase Agreement (or this Agreement) on or before the deadline set by the Company;

(iii)     each bid by a Qualified Overbidder (other than the Purchaser) shall be automatically reduced by an amount equal to the Stalking-Horse Bidder Fee;

(iv)     bidding will commence at the amount of the highest bid submitted by a Qualified Overbidder, as determined by the Company, subject to approval by the Bankruptcy Court;

(v)     each subsequent bid shall be in increments of no less than Five Hundred Thousand Dollars ($500,000) or such other increment as may be approved by the Bankruptcy Court;

(vi)     the Purchaser shall have the right, but not the obligation, in its sole and absolute discretion, to match bids made by any Qualified Overbidder and, in such event, the Purchaser's matching bid shall be deemed the highest and best bid for the Shares and the Other Purchased Assets;

4

10-06097-FPC11   Doc 64-3   Filed 11/03/10   Entered 11/03/10 20:28:28   Pg 20 of 47

(vii)   if, upon conclusion of the Auction, and consistent with the terms of the Bidding Procedures, the Purchaser's final bid matches or is greater than the highest bid made by any Qualified Overbidder, the Bankruptcy Court shall approve this Agreement, including the Sale of the Shares and the Other Purchased Assets to the Purchaser and the Equity Contribution contemplated thereby, and authorize the Company to sell the Shares and the Other Purchased Assets to the Purchaser, and the amount of the Purchaser's final bid shall constitute the Cash Purchase Price under this Agreement; and

(viii)  the Company may, with Bankruptcy Court approval, elect to deem the Purchaser's final bid to be the highest bid, notwithstanding the receipt of an apparently higher bid from another Overbidder, if the Company reasonably concludes that the Overbidder may not be able to close on a timely basis, or for any other reason.

(f)     The Purchaser has standing and is deemed to be a party in interest with standing to be heard on any motion, hearing or other matter related to this Agreement or any Overbid, or other sale of assets subject to this Agreement.

5

# EXHIBIT D

1  Dillon E. Jackson WSBA #1539
   Foster Pepper PLLC
2  1111 Third Avenue, Suite 3400
   Seattle, Washington 98101-3299
3  Telephone:    (206) 447-4400
   Facsimile No.: (206) 447-9700
4
   G. Larry Engel (*pro hac admission pending*)
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:    (415) 268-7000
7  Facsimile No.: (415) 268-7522

8  Proposed Counsel for
   AMERICANWEST BANCORPORATION
9

10              UNITED STATES BANKRUPTCY COURT

11              EASTERN DISTRICT OF WASHINGTON

12

13  In re                            Case No.   10-06097-PCW-11

14  AMERICANWEST                     Chapter 11
    BANCORPORATION,
15                                   **NOTICE OF (I) AWBC'S
                  Debtor.            INTENT TO ASSUME AND
16                                   ASSIGN CERTAIN
                                     EXECUTORY COTRACTS
17                                   AND (II) CURE COSTS
                                     RELATED THERETO**
18

19       PLEASE TAKE NOTICE OF THE FOLLOWING:

20       1.     On October 28, 2010, AmericanWest Bancorporation ("AWBC")

21  filed a motion for orders (I) approving (A) the proposed bidding procedures for

22  the proposed sale of certain assets; (B) certain bidding protection payments; and

23  (C) the form and manner of notice of (i) the sale of certain assets and (ii) the

24  assumption and assignment of certain executory contracts, and granting related

25  relief; (II) authorizing and approving (A) the sale of certain assets and (B) the

26  assumption and assignment of certain executory contracts; and (III) waiving the

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO -

1    14-day stay of Fed. R. Bankr. P. 6004(h) and 6006(d) (the "Sale Motion")[1] with

2    the United States Bankrutpcy Court for the Eastern District of Washington.

3          2.       AWBC has entered into an Asset Purchase Agreement (the

4    "APA"), dated as of October 27, 2010 by and between AWBC and SKBHC

5    Hawks Nest Acquisition Corp (the "Purchaser"), which contemplates the sale of

6    AWBC's 100% equity ownership (the "Shares") in its non-debtor subsidiary,

7    AmericanWest Bank (the "Bank")[2] and the Other Purchased Assets.

8          3.       The APA contemplates, and the Sale Order, if approved, shall

9    authorize the assumption and assignment to the Purchaser of certain executory

10    contracts. Attached hereto as Exhibit A is a list of certain executory contracts

11    that AWBC intends to assume and assign to the Purchaser (collectively, the

12    "365 Contracts" and, each, a "365 Contract"), pursuant to section 365 of the

13    Bankruptcy Code. The significant terms of each 365 Contract and the terms of

14    each corresponding assignment are also set forth therein.

15          4.       AWBC has listed on Exhibit B annexed hereto the amounts that

16    AWBC believes must be paid to cure all prepetition defaults under the 365

17    Contracts as of the date hereof, in accordance with section 365(b) of the

18    Bankruptcy Code (in each instance, the "Cure Cost").

19

20

21

22    [1] You may obtain a copy of the Sale Motion and the APA by contacting

23    Debtor's counsel, Morrison & Foerster LLP, 425 Market Street, 32nd Floor, San

24    Francisco, CA 94105, Attn: Vincent J. Novak, 415-268-7000.

25    [2] All capitalized terms not otherwise defined herein shall have the

26    meanings ascribed to them in the Sale Motion or the APA, as applicable.

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2884721

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 24 of 47

1      5.    Please read Exhibit B carefully.  In some cases, Exhibit B

2  identifies additional terms or conditions of assumption and assignment with

3  respect to a particular 365 Contract.

4      6.    Objections, if any, to the proposed Cure Costs, or to the proposed

5  assumption and assignment of the 365 Contracts, including, but not limited to,

6  objections relating to adequate assurance of future performance or objections

7  relating to whether applicable law excuses the Counterparty from accepting

8  performance by, or rendering performance to, the Bank for purposes of section

9  $365(c)(1)$ of the Bankruptcy Code, must be in writing and filed with this Court

10  so as to be received no later than ten days after service of an Assignment Notice

11  (the "Designation and Cure Objection Deadline") by the following parties:

12  (i) all entities known to have expressed an interest in a transaction with respect

13  to AWBC, the Bank or the Shares and the Other Purchased Assets (or a portion

14  thereof); (ii) any entities known to have asserted any Encumbrance in or upon

15  the Shares or the Other Purchased Assets; (iii) all federal, state, and local

16  regulatory or taxing authorities or recording offices which have a reasonably

17  known interest in the relief requested by the Motion, including the FDIC and

18  Washington DFI; (iv) all parties to the APA and all related agreements; (v) the

19  Office of the United States Trustee; (vi) the Securities and Exchange

20  Commission; (vii) the Internal Revenue Service; (viii) Wilmington Trust

21  Company; (ix) U.S. Bank; (x) Preferred Trust Securities, Ltd. VII;

22  (xi) Preferred Trust Securities, Ltd. X; (xii) Preferred Trust Securities, Ltd.

23  XXII; (xiii) Preferred Trust Securities, Ltd. XXV; (xiv) Bank of New York

24  Mellon; (xv) all entities that have requested notice in accordance with

25  Bankruptcy Rule 2002; (xvii) all other known creditors of AWBC; and

26  (xviii) counsel to any official committee established in this Chapter 11 case.

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2884721

7. Where a Counterparty files an objection meeting the requirements set forth herein, objecting to the assumption by AWBC and assignment to the Bank of such 365 Contract (the "<u>Disputed Designation</u>") and/or asserting a cure amount higher than the proposed Cure Costs listed on the Assignment Notice (the "<u>Disputed Cure Costs</u>"), AWBC, the Purchaser, or the Successful Bidder (as the case may be), and the Counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If AWBC, the Counterparty, and the Purchaser (or the Successful Bidder, as the case may be), determine that the objection cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Designation and/or the amount to be paid under section 365 of the Bankruptcy Code with respect to the Disputed Cure Costs will be determined by this Court at the next scheduled omnibus hearing that is on a date not less than ten days after the service of such objection, or such other date as determined by this Court, unless AWBC, the Purchaser (or the Successful Bidder, as the case may be), and the Counterparty to the 365 Contract agree otherwise. If this Court determines at this hearing that the 365 Contract will not be assumed and assigned, then such executory contract shall no longer be considered a 365 Contract, <u>provided</u>, <u>however</u>, that after such determination is made by this Court, AWBC may propose a new Cure Cost in accordance with the procedures set forth herein, including providing the applicable Counterparty with the Assignment Notice setting forth the redesignation and proposed new Cure Cost of the 365 Contract.

8. If you agree with the Cure Cost indicated on <u>Exhibit B</u>, and otherwise do not object to AWBC's assumption and assignment of your contract, you are not required take any further action.

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2884721

10-06097-FPC11   Doc 64-3   Filed 11/03/10   Entered 11/03/10 20:28:28   Pg 26 of 47

9. Any Counterparty to a 365 Contract who fails to timely file an objection to the proposed Cure Costs or the proposed assumption and assignment of a 365 Contract by the Designation and Cure Objection Deadline is deemed to have consented to such Cure Costs and the assumption and assignment of such 365 Contract, and such party shall be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against AWBC, its estate, the Bank, or the Purchaser (or the Successful Bidder, as the case may be).

10. If the Counterparty to a 365 Contract fails to timely object to the assumption and assignment of a 365 Contract or the proposed Cure Cost relating thereto by the Designation and Cure Objection Deadline, or upon the resolution of any timely objection by agreement of the parties or order of this Court approving an assumption and assignment, such 365 Contract shall be deemed to be assumed by AWBC and assigned to the Bank, and the proposed Cure Cost related to such 365 Contract shall be established and approved in all respects, subject to the conditions set forth directly below.

AWBC's decision to assume and assign the 365 Contracts is subject to Court approval and consummation of the Sale. Accordingly, subject to the satisfaction of conditions in connection with the Sale, AWBC shall be deemed to have assumed and assigned the 365 Contracts as of the date of and effective only upon the Closing Date (as defined in the APA), and absent such closing, each of the 365 Contracts shall neither be deemed assumed nor assigned and shall in all respects be subject to subsequent assumption or rejection by AWBC under the Bankruptcy Code. Also, inclusion of any document on the list of 365 Contracts attached hereto shall not constitute or be deemed to be a determination or admission by AWBC, the Bank, or the Purchaser (or the

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2884721

1   Successful Bidder, as the case may be) that such document is, in fact, an

2   executory contract within the meaning of the Bankruptcy Code, all rights with

3   respect thereto being expressly reserved.

4      11.    Except as may otherwise be agreed to by the parties to a 365

5   Contract, the defaults under the 365 Contracts that must be cured in accordance

6   with section 365(b) of the Bankruptcy Code shall be cured as follows: AWBC

7   shall pay all Cure Costs relating to an assumed executory contract within ten

8   days after the later of (i) the Closing Date or (ii) the date on which such 365

9   Contract is deemed assumed and assigned.

10      12.    Any objection to the proposed Cure Costs or the proposed

11   assumption and assignment of a 365 Contract shall not constitute an objection

12   to the relief generally requested in the Sale Motion. Parties wishing to object to

13   the other relief requested in the Sale Motion must file and serve a separate

14   objection, stating with particularity such party's grounds for objection, in

15   accordance with the objection procedures approved and set forth in the Bidding

16   Procedures Order.

17      13.    If a party other than the Purchaser is the Successful Bidder, or if a

18   transaction other than the Sale is consummated for the sale of the Shares, then

19   these procedures may be modified if necessary by further order of this Court.

20                *[Remainder of page intentionally left blank]*

21

22

23

24

25

26

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2884721

DATED this 28th day of October, 2010   FOSTER PEPPER PLLC

_____

Dillon E. Jackson, WSBA #1539

G. Larry Engel
(*pro hac admission pending*)
Vincent Novak
(*pro hac admission pending*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000

Kenneth E. Kohler
(*pro hac admission pending*)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Telephone: (213) 892-5815

– and –

Alexandra Steinberg Barrage
(*pro hac admission pending*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 887-1552

Proposed Counsel for

AmericanWest Bancorporation

NOTICE OF (I) AWBC'S INTENT TO ASSUME AND ASSIGN CERTAIN
EXECUTORY COTRACTS AND (II) CURE COSTS RELATED THERETO - 7

sf-2884721

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

# EXHIBIT E

1  Dillon E. Jackson WSBA #1539
   Foster Pepper PLLC
2  1111 Third Avenue, Suite 3400
   Seattle, Washington 98101-3299
3  Telephone:    (206) 447-4400
   Facsimile No.: (206) 447-9700
4
   G. Larry Engel (*pro hac admission*
5  *pending*)
   MORRISON & FOERSTER LLP
6  425 Market Street
   San Francisco, California 94105-2482
7  Telephone:    (415) 268-7000
   Facsimile No.: (415) 268-7522
8
   Proposed Counsel for
9  AMERICANWEST
   BANCORPORATION
10

11              UNITED STATES BANKRUPTCY COURT

12              EASTERN DISTRICT OF WASHINGTON

13

14  In re                          | Case No.   10-06097-PCW-11

15  AMERICANWEST                    | Chapter 11
    BANCORPORATION,
16                                  | **NOTICE OF SALE OF**
              Debtor.               | **CERTAIN ASSETS**
17

18

19

    PLEASE TAKE NOTICE OF THE FOLLOWING:

20
          1.     Pursuant to the Order under §§ 105(a), 363(b), and 365 of the
21
    Bankruptcy Code[1]; Bankruptcy Rules 2002, 6004, 6006, and 9014; and Local
22

23  _____

24        [1] All capitalized terms not otherwise defined herein shall have the

25  meanings ascribed to them in the motion filed on October 28, 2010 by

26  AmericanWest Bancorporation ("AWBC") for orders (I) approving (A) the

NOTICE OF SALE OF CERTAIN ASSETS -                    (Footnote continues on next page.)
                                                      FOSTER PEPPER PLLC
                                                      1111 THIRD AVENUE, SUITE 3400
                                                      SEATTLE, WASHINGTON 98101-3299
                                                      PHONE (206) 447-4400  FAX (206) 447-9700

sf-2864747

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 31 of 47

Rule 6004-1: (i) approving the Bidding Procedures; (ii) approving the Bidding Protections described in the Sale Motion; (iii) approving the form and manner of the Notice of Sale and the Assignment Notice; (iv) scheduling the Sale Hearing on an expedited basis to be held on or about _____, 2010; and (v) granting related relief (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the Eastern District of Washington (the "Court") on _____, 2010, AmericanWest Bancorporation ("AWBC") is selling its 100% equity ownership (the "Shares") in its non-debtor subsidiary, AmericanWest Bank (the "Bank"), and the Other Purchased Assets on the terms and conditions set forth in the APA.

2.     The sale of the Shares and Other Purchased Assets is authorized pursuant to section 363(f)(2) of the Bankruptcy Code.

3.     The sale of the Shares and Other Purchased Assets is necessary and in the best interests of AWBC, its estate, creditors, and other parties-in-interest.

_____

(Footnote continued from previous page.)

proposed bidding procedures for the proposed sale of certain assets; (B) certain bidding protection payments; and (C) the form and manner of notice of (i) the sale of certain assets and (ii) the assumption and assignment of certain executory contracts, and granting related relief; (II) authorizing and approving (A) the sale of certain assets and (B) the assumption and assignment of certain executory contracts; and (III) waiving the 14-day stay of Fed. R. Bankr. P. 6004(h) and 6006(d) (the "Sale Motion") or that certain Asset Purchase Agreement dated as of October 27, 2010 by and between AWBC and SKBHC Hawks Nest Acquisition Corp. (the "APA"), as appropriate.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2864747

4.     All interested parties are invited to make competing offers to purchase the Shares and the Other Purchased Assets in accordance with the Bidding Procedures approved by this Court. Pursuant to the Bidding Procedures, AWBC will conduct an auction for the Shares and the Other Purchased Assets (the "Auction") _____ on ___, 2010 at _____ at _____.

5.     Participation at the Auction is subject to the Bidding Procedures and the Bidding Procedures Order. Copies of the APA, the Sale Motion, the Bidding Procedures, the Bidding Procedures Order, and the proposed form of Sale Order, may be downloaded at the following web address:

_____.

6.     As set forth in the Bidding Procedures Order, in order to be qualified to receive any confidential information from AWBC or the Bank, to submit an Initial Overbid (defined below) and to participate in the Auction, a potential bidder other than the Purchaser (an "Overbidder") must submit each of the following to AWBC: (i) an executed confidentiality agreement; and (ii) current audited financial statements and the latest unaudited financial statements (collectively, the "Financials").

7.     In order to participate at the Auction, an Overbidder must submit its bid in a form acceptable to AWBC (with copies to certain professionals as explained in the Bidding Procedures) on or before ten days before the Sale Hearing, 2010 (the "Bid Deadline").

8.     A bid must be a written irrevocable offer from an Overbidder and shall contain, among other things, the following: (a) a proposed asset purchase agreement (the "Competing Purchase Agreement") on substantially the same terms and conditions as those in the APA; (b) a cashier's check made payable to the order of AWBC in the amount of Eight Million Five Hundred Thousand

NOTICE OF SALE OF CERTAIN ASSETS - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2864747

Dollars ($8,500,000) or such other amount as may be approved by the
Bankruptcy Court (the "Overbidder's Deposit") which will be retained by
AWBC as a deposit; (c) admissible evidence in the form of affidavits or
declarations establishing, among other things, the Overbidder's financial ability,
good faith, and ability to perform the obligations under the Competing Purchase
Agreement (collectively, the "Bidder Representations"); (d) remains open until
the conclusion of the Sale Hearing; (e) contains terms and conditions that are
higher and better than the terms and conditions of the APA; (f) provides for a
purchase price to be paid to AWBC that exceeds the sum of the Purchase Price
and the Stalking-Horse Bidder Fee by at least Five Hundred Thousand Dollars
($500,000) or such other initial increment as may be approved by the
Bankruptcy Court (the "Minimum Overbid"); and (g) provides for the
recapitalization of the Bank.

9.     The Purchaser, and any entity that conforms with the above
requirements by submitting a Competing Asset Purchase Agreement,
supporting documentation, and the Overbidder's Deposit (collectively, an
"Initial Overbid") shall each be deemed a "Qualified Overbidder" and may bid
for the Shares and the Other Purchased Assets at the Auction.

10.    The sale of the Shares and the Other Purchased Assets shall be on
an "as is, where is" basis and without representations or warranties of any kind,
nature, or description by AWBC, its agents, its advisors, or estate, except to the
extent set forth in the APA or in AWBC's purchase agreement(s) with the
Successful Bidder(s).  Except as otherwise provided in the APA or the purchase
agreement(s) with the Successful Bidder(s), all of the right, title and interest in
and to the Shares and the Other Purchased Assets to be acquired will be sold
free and clear of all liens, security interests, encumbrances, and interests

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2864747

thereon and thereagainst (collectively, the "Encumbrances"). The
Encumbrances will attach to the net proceeds of the sale of such Shares and the
Other Purchased Assets, subject to any claim of the Purchaser to such proceeds
for payment of the Stalking-Horse Bidder Fee in the amount of $1,000,000.

11. If no timely, conforming Initial Overbid is submitted, AWBC shall
not conduct an Auction. Rather, AWBC shall (i) request at the Sale Hearing
that this Court approve the proposed sale of the Shares and the Other Purchased
Assets to the Purchaser under the APA; and (ii) request that the Sale Order shall
be immediately effective upon entry. If one or more timely conforming Initial
Overbids is received, AWBC will conduct the Auction, subject to approval of
this Court, in which the Purchaser and all other Qualified Overbidders may
participate.

12. The Auction will be governed by the following procedures, the
most significant of which include the following (the "Auction Rules"):
(a) bidding will commence at the amount of the highest bid submitted by a
Qualified Overbidder, as determined by AWBC, subject to approval by this
Court; (b) each subsequent bid will be in increments of no less than Five
Hundred Thousand Dollars ($500,000) or such other increment as may be
approved by the Bankruptcy Court; (c) the Purchaser will have the right, but
not the obligation to match bids made by any Qualified Overbidder (and credit
the amount of the Stalking-Horse Bidder Fee), and in such event, the
Purchaser's matching bid will be deemed the highest and best bid for the Shares
and the Other Purchased Assets; (d) if, upon conclusion of the Auction the
Purchaser's final bid matches (or is greater than) the highest bid made by any
Qualified Overbidder, this Court will approve the APA and authorize AWBC to
sell the Shares and the Other Purchased Assets to the Purchaser; and (e) AWBC

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2864747

may, with Court approval, elect to deem the Purchaser's final bid to be the highest bid, notwithstanding the receipt of an apparently higher bid from another Overbidder.

13. The Shares are not subject to any Encumbrances, and the Other Purchased Assets are not subject to any Encumbrances, other than Permitted Liens.

14. Given the extensive marketing of the Shares and Other Purchased Assets, followed by extensive negotiations with respect to the APA, the estimated fair market value of the Shares and the Other Purchased Assets, without deductions for interest of entities other than AWBC's estate, is estimated at $6.5 million, the Cash Purchase Price.

15. The Sale Hearing is presently scheduled to take place on _____, 2010 at _____ (prevailing Pacific Time) in the courtroom of the Honorable Judge Williams in the United States Bankruptcy Court for the Eastern District of Washington, 904 West Riverside Avenue, Suite 304, Spokane, Washington 99201.

16. Objections to the entry of an order approving the Sale and the related relief requested in the Sale Motion must be made in writing and must be filed with this Court and served upon the following parties so as to be received by no later than _____ p.m. (prevailing Pacific Time) on , 2010: (i) Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle, Washington 98101-3299, proposed counsel for AWBC; (ii) Larry Engel, Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105-2482, proposed special counsel for AWBC and the Company Individuals; (iii) Kenneth Kohler, Morrison & Foerster LLP, 555 West Fifth Street, Suite 3500, Los Angeles, CA 90013-1024, proposed special counsel for AWBC and the Company

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2864747

1 Individuals; (iv) Van C. Durrer II, Skadden, Arps, Slate, Meagher & Flom LLP,
2 300 South Grand Ave., Suite 3400, Los Angeles, CA 90071, counsel for the
3 Purchaser; (v) the Office of the United States Trustee, 920 West Riverside
4 Avenue Suite 593, Spokane, WA, 99201; and (vi) Sandler O'Neill & Partners,
5 L.P., 455 Market Street, Suite 2070, San Francisco, CA 94105, Attn: Albert
6 Glowasky, financial advisor to AWBC. The failure of any objecting party to
7 timely file and serve its objection shall be a bar to the assertion by such party at
8 the Sale Hearing or thereafter of any objection to the Sale Motion, the Sale, or
9 AWBC's consummation and performance of the APA, including the transfer of
10 the Shares free and clear of all Encumbrances and the Other Purchased Assets
11 free and clear of all Encumbrances (other than Permitted Liens).

12      17.      If no objection to the Sale Motion is timely filed and served,
13 AWBC may strike the Sale Hearing and present ex parte a proposed order to
14 this Court.

15      18.      This notice is qualified in its entirety by the Bidding Procedures
16 Order.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2864747

| | |
|---|---|
| 1 | DATED this 3rd day of November, 2010 |
| 2 | |

FOSTER PEPPER PLLC


*/s/ Dillon E. Jackson*
_____

Dillon E. Jackson, WSBA #1539

G. Larry Engel
(*pro hac admission pending*)
Vincent Novak
(*pro hac admission pending*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000

Kenneth E. Kohler
(*pro hac admission pending*)
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013-1024
Telephone: (213) 892-5815

– and –

Alexandra Steinberg Barrage
(*pro hac admission pending*)
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 887-1552

Proposed Counsel for AmericanWest Bancorporation

NOTICE OF SALE OF CERTAIN ASSETS - 8

# EXHIBIT F

1  Dillon E. Jackson WSBA #1539
   Foster Pepper PLLC
2  1111 Third Avenue, Suite 3400
   Seattle, Washington 98101-3299
3  Telephone:     (206) 447-4400
   Facsimile No.: (206) 447-9700
4
   G. Larry Engel (*pro hac admission pending*)
5  MORRISON & FOERSTER LLP
   425 Market Street
6  San Francisco, California 94105-2482
   Telephone:     (415) 268-7000
7  Facsimile No.: (415) 268-7522

8  Proposed Counsel for
   AMERICANWEST BANCORPORATION
9

10

11              UNITED STATES BANKRUPTCY COURT

12              EASTERN DISTRICT OF WASHINGTON

13

14 In re                          | Case No.   10-06097-PCW-11

15 AMERICANWEST                   | Chapter 11
   BANCORPORATION,
16                                | **PUBLICATION NOTICE OF**
                   Debtor.        | **SALE OF CERTAIN ASSETS**
17

18

19 PLEASE TAKE NOTICE OF THE FOLLOWING:

20     1.      Pursuant to the Order under §§ 105(a), 363(b), and 365 of the

21 Bankruptcy Code[1]; Bankruptcy Rules 2002, 6004, 6006, and 9014; and Local

22

23     [1] All capitalized terms not otherwise defined herein shall have the

24 meanings ascribed to them in the motion filed on October 28, 2010 by

25 AmericanWest Bancorporation ("AWBC") for orders (I) approving (A) the

26 proposed bidding procedures for the proposed sale of certain assets; (B) certain

(Footnote continues on next page.)

NOTICE OF SALE OF CERTAIN ASSETS -          FOSTER PEPPER PLLC
                                            1111 THIRD AVENUE, SUITE 3400
                                            SEATTLE, WASHINGTON 98101-3299
                                            PHONE (206) 447-4400  FAX (206) 447-9700

sf-2913527

10-06097-FPC11   Doc 64-3   Filed 11/03/10   Entered 11/03/10 20:28:28   Pg 40 of 47

Rule 6004-1: (i) approving the Bidding Procedures; (ii) approving the Bidding
Protections described in the Sale Motion; (iii) approving the form and manner
of the Notice of Sale and the Assignment Notice; (iv) scheduling the Sale
Hearing on an expedited basis to be held on or about _____, 2010;
and (v) granting related relief (the "Bidding Procedures Order") entered by the
United States Bankruptcy Court for the Eastern District of Washington (the
"Court") on _____, 2010, AmericanWest Bancorporation ("AWBC") is
selling its 100% equity ownership (the "Shares") in its non-debtor subsidiary,
AmericanWest Bank (the "Bank"), and the Other Purchased Assets on the terms
and conditions set forth in the APA.

2.     The sale of the Shares and Other Purchased Assets is authorized
pursuant to section 363(f)(2) of the Bankruptcy Code.

3.     The sale of the Shares and Other Purchased Assets is necessary
and in the best interests of AWBC, its estate, creditors, and other parties-in-
interest.

4.     All interested parties are invited to make competing offers to
purchase the Shares and the Other Purchased Assets in accordance with the

(Footnote continued from previous page.)

bidding protection payments; and (C) the form and manner of notice of (i) the
sale of certain assets and (ii) the assumption and assignment of certain
executory contracts, and granting related relief; (II) authorizing and approving
(A) the sale of certain assets and (B) the assumption and assignment of certain
executory contracts; and (III) waiving the 14-day stay of Fed. R. Bankr. P.
6004(h) and 6006(d) (the "Sale Motion") or that certain Asset Purchase
Agreement dated as of October 27, 2010 by and between AWBC and SKBHC
Hawks Nest Acquisition Corp. (the "APA"), as appropriate.

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2913527

1 Bidding Procedures approved by this Court. Pursuant to the Bidding
2 Procedures, AWBC will conduct an auction for the Shares and the Other
3 Purchased Assets (the "Auction") ____ on ___, 2010 at ____ at ____.

5. Participation at the Auction is subject to the Bidding Procedures
and the Bidding Procedures Order. Copies of the APA, the Sale Motion, the
Bidding Procedures, the Bidding Procedures Order, and the proposed form of
Sale Order, may be downloaded at the following web address:

_____.

6. As set forth in the Bidding Procedures Order, in order to be
qualified to receive any confidential information from AWBC or the Bank, to
submit an Initial Overbid (defined below) and to participate in the Auction, a
potential bidder other than the Purchaser (an "Overbidder") must submit each of
the following to AWBC: (i) an executed confidentiality agreement; and
(ii) current audited financial statements and the latest unaudited financial
statements (collectively, the "Financials").

7. In order to participate at the Auction, an Overbidder must submit
its bid in a form acceptable to AWBC (with copies to certain professionals as
explained in the Bidding Procedures) on or before ten days before the Sale
Hearing, 2010 (the "Bid Deadline").

8. A bid must be a written irrevocable offer from an Overbidder and
shall contain, among other things, the following: (a) a proposed asset purchase
agreement (the "Competing Purchase Agreement") on substantially the same
terms and conditions as those in the APA; (b) a cashier's check made payable to
the order of AWBC in the amount of Eight Million Five Hundred Thousand
Dollars ($8,500,000) or such other amount as may be approved by the
Bankruptcy Court (the "Overbidder's Deposit") which will be retained by

PUBLICATION NOTICE OF SALE OF CERTAIN ASSETS - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2913527

1  AWBC as a deposit; (c) admissible evidence in the form of affidavits or
2  declarations establishing, among other things, the Overbidder's financial ability,
3  good faith, and ability to perform the obligations under the Competing Purchase
4  Agreement (collectively, the "Bidder Representations"); (d) remains open until
5  the conclusion of the Sale Hearing; (e) contains terms and conditions that are
6  higher and better than the terms and conditions of the APA; (f) provides for a
7  purchase price to be paid to AWBC that exceeds the sum of the Purchase Price
8  and the Stalking-Horse Bidder Fee by at least Five Hundred Thousand Dollars
9  ($500,000) or such other initial increment as may be approved by the
10  Bankruptcy Court (the "Minimum Overbid"); and (g) provides for the
11  recapitalization of the Bank.

12      9.    The Purchaser, and any entity that conforms with the above
13  requirements by submitting a Competing Asset Purchase Agreement,
14  supporting documentation, and the Overbidder's Deposit (collectively, an
15  "Initial Overbid") shall each be deemed a "Qualified Overbidder" and may bid
16  for the Shares and the Other Purchased Assets at the Auction.

17      10.   The sale of the Shares and the Other Purchased Assets shall be on
18  an "as is, where is" basis and without representations or warranties of any kind,
19  nature, or description by AWBC, its agents, its advisors, or estate, except to the
20  extent set forth in the APA or in AWBC's purchase agreement(s) with the
21  Successful Bidder(s).  Except as otherwise provided in the APA or the purchase
22  agreement(s) with the Successful Bidder(s), all of the right, title and interest in
23  and to the Shares and the Other Purchased Assets to be acquired will be sold
24  free and clear of all liens, security interests, encumbrances, and interests
25  thereon and thereagainst (collectively, the "Encumbrances").  The
26  Encumbrances will attach to the net proceeds of the sale of such Shares and the

PUBLICATION NOTICE OF SALE OF CERTAIN ASSETS - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2913527

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 43 of 47

1   Other Purchased Assets, subject to any claim of the Purchaser to such proceeds

2   for payment of the Stalking-Horse Bidder Fee in the amount of $1,000,000.

3        11.    If no timely, conforming Initial Overbid is submitted, AWBC shall

4   not conduct an Auction. Rather, AWBC shall (i) request at the Sale Hearing

5   that this Court approve the proposed sale of the Shares and the Other Purchased

6   Assets to the Purchaser under the APA; and (ii) request that the Sale Order shall

7   be immediately effective upon entry. If one or more timely conforming Initial

8   Overbids is received, AWBC will conduct the Auction, subject to approval of

9   this Court, in which the Purchaser and all other Qualified Overbidders may

10   participate.

11        12.    The Auction will be governed by the following procedures, the

12   most significant of which include the following (the "Auction Rules"):

13   (a) bidding will commence at the amount of the highest bid submitted by a

14   Qualified Overbidder, as determined by AWBC, subject to approval by this

15   Court; (b) each subsequent bid will be in increments of no less than Five

16   Hundred Thousand Dollars ($500,000) or such other increment as may be

17   approved by the Bankruptcy Court; (c) the Purchaser will have the right, but

18   not the obligation to match bids made by any Qualified Overbidder (and credit

19   the amount of the Stalking-Horse Bidder Fee), and in such event, the

20   Purchaser's matching bid will be deemed the highest and best bid for the Shares

21   and the Other Purchased Assets; (d) if, upon conclusion of the Auction the

22   Purchaser's final bid matches (or is greater than) the highest bid made by any

23   Qualified Overbidder, this Court will approve the APA and authorize AWBC to

24   sell the Shares and the Other Purchased Assets to the Purchaser; and (e) AWBC

25   may, with Court approval, elect to deem the Purchaser's final bid to be the

26

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

sf-2913527

1   highest bid, notwithstanding the receipt of an apparently higher bid from
2   another Overbidder.

3       13.     The Shares are not subject to any Encumbrances, and the Other
4   Purchased Assets are not subject to any Encumbrances, other than Permitted
5   Liens.

6       14.     Given the extensive marketing of the Shares and Other Purchased
7   Assets, followed by extensive negotiations with respect to the APA, the
8   estimated fair market value of the Shares and the Other Purchased Assets,
9   without deductions for interest of entities other than AWBC's estate, is
10  estimated at $6.5 million, the Cash Purchase Price.

11      15.     The Sale Hearing is presently scheduled to take place on ____,
12  2010 at _____ (prevailing Pacific Time) in the courtroom of the Honorable
13  Judge Williams in the United States Bankruptcy Court for the Eastern District
14  of Washington, 904 West Riverside Avenue, Suite 304, Spokane, Washington
15  99201.

16      16.     Objections to the entry of an order approving the Sale and the
17  related relief requested in the Sale Motion must be made in writing and must be
18  filed with this Court and served upon the following parties so as to be received
19  by no later than _____ p.m. (prevailing Pacific Time) on , 2010: (i) Foster
20  Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle, Washington 98101-
21  3299, proposed counsel for AWBC; (ii) Larry Engel, Morrison & Foerster LLP,
22  425 Market Street, San Francisco, California 94105-2482, proposed special
23  counsel for AWBC and the Company Individuals; (iii) Kenneth Kohler,
24  Morrison & Foerster LLP, 555 West Fifth Street, Suite 3500, Los Angeles, CA
25  90013-1024, proposed special counsel for AWBC and the Company
26  Individuals; (iv) Van C. Durrer II, Skadden, Arps, Slate, Meagher & Flom LLP,

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2913527

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 45 of 47

1  300 South Grand Ave., Suite 3400, Los Angeles, CA 90071, counsel for the
2  Purchaser; (v) the Office of the United States Trustee, 920 West Riverside
3  Avenue Suite 593, Spokane, WA, 99201; and (vi) Sandler O'Neill & Partners,
4  L.P., 455 Market Street, Suite 2070, San Francisco, CA 94105, Attn: Albert
5  Glowasky, financial advisor to AWBC. The failure of any objecting party to
6  timely file and serve its objection shall be a bar to the assertion by such party at
7  the Sale Hearing or thereafter of any objection to the Sale Motion, the Sale, or
8  AWBC's consummation and performance of the APA, including the transfer of
9  the Shares free and clear of all Encumbrances and the Other Purchased Assets
10 free and clear of all Encumbrances (other than Permitted Liens).

11      17.    If no objection to the Sale Motion is timely filed and served,
12 AWBC may strike the Sale Hearing and present ex parte a proposed order to
13 this Court.

14      18.    This notice is qualified in its entirety by the Bidding Procedures
15 Order.

16
17
18
19
20
21
22
23
24
25
26

PUBLICATION NOTICE OF SALE OF CERTAIN ASSETS - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

sf-2913527

10-06097-FPC11    Doc 64-3    Filed 11/03/10    Entered 11/03/10 20:28:28    Pg 46 of 47

| 1 | DATED this 3rd day of November, 2010 | FOSTER PEPPER PLLC |
| 2 | | |
| 3 | | */s/ Dillon E. Jackson* |
| 4 | | Dillon E. Jackson, WSBA #1539 |
| 5 | | G. Larry Engel |
| 6 | | (*pro hac admission pending*) Vincent Novak |
| 7 | | (*pro hac admission pending*) MORRISON & FOERSTER LLP |
| 8 | | 425 Market Street San Francisco, California 94105-2482 |
| 9 | | Telephone: (415) 268-7000 |
| 10 | | Kenneth E. Kohler (*pro hac admission pending*) |
| 11 | | MORRISON & FOERSTER LLP 555 West Fifth Street, Suite 3500 |
| 12 | | Los Angeles, CA 90013-1024 Telephone: (213) 892-5815 |
| 13 | | |
| 14 | | – and – |
| 15 | | Alexandra Steinberg Barrage (*pro hac admission pending*) |
| 16 | | MORRISON & FOERSTER LLP 2000 Pennsylvania Avenue, NW |
| 17 | | Washington, D.C. 20006 Telephone: (202) 887-1552 |
| 18 | | Proposed Counsel for American West Bancorporation |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |

PUBLICATION NOTICE OF SALE OF CERTAIN ASSETS - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

sf-2913527