1    Dillon E. Jackson WSBA #1539
     FOSTER PEPPER PLLC
2    1111 Third Avenue, Suite 3400
     Seattle, Washington 98101-3299
3    Telephone:    (206) 447-4400
     Facsimile No.: (206) 447-9700
4
     G. Larry Engel (*admitted pro hac vice*)
5    MORRISON & FOERSTER LLP
     425 Market Street
6    San Francisco, California 94105-2482
     Telephone:    (415) 268-7000
7    Facsimile No.: (415) 268-7522
8    Proposed Counsel for
     AMERICANWEST BANCORPORATION
9

10

11            UNITED STATES BANKRUPTCY COURT

12            EASTERN DISTRICT OF WASHINGTON

13

14   In re                                    Case No.   10-06097-PCW-11

15   AMERICANWEST
     BANCORPORATION,                          Chapter 11
16
                    Debtor.                    **FINAL ORDER PURSUANT
17                                             TO 11 U.S.C. §§ 105(a), 363(b),
                                               AND 365; FED. R. BANKR. P.
18                                             2002, 6004, 6006, AND 9014;
                                               AND B.L.R. 6004-1
19                                             APPROVING (A) BIDDING
                                               PROCEDURES, (B) BIDDING
20                                             PROTECTIONS, AND (C) THE
                                               FORM AND MANNER OF
21                                             NOTICE OF (i) THE SALE OF
                                               CERTAIN ASSETS AND (ii)
22                                             THE ASSUMPTION AND
                                               ASSIGNMENT OF CERTAIN
23                                             EXECUTORY CONTRACTS,
                                               AND GRANTING RELATED
24                                             RELIEF**

25

26

---

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS -

sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

This matter having come before this Court on the motion of
AmericanWest Bancorporation ("AWBC")[1] for Orders Pursuant to §§ 105(a),
363(b), and 365 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C.
§§ 101, *et. seq.* (the "Bankruptcy Code"); Rules 2002, 6004, 6006, and 9014 of
the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule
6004-1 of the Local Rules for the United States Bankruptcy Court of the
Eastern District of Washington (the "Local Rules") (I) Approving (A) Bidding
Procedures, (B) Bidding Protections, and (C) the Form and Manner of the
Notice of Sale and Assignment Notice; (II) Authorizing and Approving (A) the
Sale of Certain Assets Free and Clear of All Encumbrances and (B) the
Assumption and Assignment of Certain Executory Contracts; and (III) Waiving
the 14-Day Stay of Bankruptcy Rules 6004(h) and 6006(d) (the "Sale
Motion");[2] and AWBC, by the Sale Motion, having requested the entry of an
order (the "Bidding Procedures Order") (a) approving bidding procedures in
connection with the Sale (the "Bidding Procedures"); (b) approving the
Minimum Overbid, the Stalking-Horse Bidder's Fee, and bidding increments of
no less than $500,000 (the "Bidding Increments") (collectively, the "Bidding
Protections") pursuant to and as described in the APA; (c) approving the form
and manner of (i) the notice that will be filed with this Court and served on all
creditors and parties-in-interest regarding the Sale and related Sale Hearing (the

---

[1] All capitalized terms not otherwise defined herein shall have the
meanings ascribed to them in the Sale Motion or related Asset Purchase
Agreement (the "APA"), as appropriate.

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 2
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  "Notice of Sale") and (ii) the notice of the assumption and assignment of certain

2  executory contracts (the "365 Contracts") and the cure amounts in respect

3  thereof (the "Assignment Notice"); and (d) scheduling a hearing at which this

4  Court will consider approval of the Sale pursuant to and as described in the

5  APA (the "Sale Hearing"); and AWBC having determined that approving the

6  Bidding Procedures, authorizing the Bidding Protections, and granting the other

7  relief requested in the Sale Motion will induce competitive bidding for

8  AWBC's assets and will maximize the value of AWBC's estate; and this Court

9  having reviewed and considered (i) the Sale Motion and the exhibits thereto;

10 (ii) arguments of counsel in support of the entry of the Bidding Procedures

11 Order; and (iii) the opposition thereto, if any, at a hearing for such purpose (the

12 "Bidding Procedures Hearing"); and it appearing that the relief requested in the

13 Sale Motion is in the best interests of AWBC, its estate, its creditors, and other

14 parties-in-interest; and it appearing that notice of the Sale Motion has been

15 given as set forth in the Sale Motion and that no other or further notice need be

16 given; and upon the record of the Bidding Procedures Hearing; and after due

17 deliberation thereon; and good cause appearing therefore, it is hereby

18        FOUND AND DETERMINED THAT:[3]

19        A.    This Court has jurisdiction over this matter and over the property

20 of AWBC and its bankruptcy estate pursuant to 28 U.S.C. § 1334 and

21 § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 1334 and

22 § 157(b)(2)(A), (N), and (O). Venue is proper before this Court pursuant to 28

23 _____

24        [3] Findings of fact shall be construed as conclusions of law and

25 conclusions of law shall be construed as findings of fact when appropriate. *See*

26 Fed. R. Bankr. P. 7052.

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 3
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  U.S.C. §§ 1408 and 1409.

2        B.      This Court has approved the Stalking-Horse Bidder Fee and the

3  date of the Sale Hearing on a final basis as evidenced by the *Order Pursuant to*

4  *11 U.S.C. §§ 105(A), 363(B), and 365; Fed. R. Bankr. P. 2002, 6004, 6006, and*

5  *9014; and B.L.R. 6004-1 Approving (A) Bidding Procedures, (B) Bidding*

6  *Protections, and (C) The Form and Manner of Notice of (I) the Sale of Certain*

7  *Assets and (II) The Assumption and Assignment of Certain Executory*

8  *Contracts, and Granting Related Relief* (Docket No. 64).

9        C.      AWBC has articulated good and sufficient reasons for approving

10  (i) the Bidding Procedures; (ii) the Bidding Protections; (iii) the form and

11  manner of the Notice of Sale; (iv) the form and manner of notice of the

12  Assignment Notice; and, in connection therewith, (v) the procedures described

13  below for the determination of the amounts necessary to cure defaults under the

14  365 Contracts (the "Cure Costs") and to address any other disputes in

15  connection with the assumption and assignment of the 365 Contracts pursuant

16  to section 365 of the Bankruptcy Code.

17        D.      AWBC has articulated good and sufficient reasons for scheduling

18  the Sale Hearing.

19        E.      The Bidding Protections are beneficial to AWBC's estate because

20  they will ensure a competitive and efficient bidding process and will enhance

21  AWBC's ability to maximize the value of its assets for the benefit of its

22  creditors. The terms and conditions of the Bidding Protections are fair and

23  reasonable and are the product of extended good faith, arm's-length

24  negotiations between AWBC and the Purchaser.

25        (i)     Stalking-Horse Bidder's Fee. The approval of the Stalking-Horse

26              Bidder Fee is an integral part of the transactions contemplated by

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 4
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  the APA, and is necessary to ensure that the Purchaser will
2  continue to pursue its proposed acquisition of the Shares and the
3  Other Purchased Assets. AWBC's payment of the Stalking-Horse
4  Bidder's Fee on the terms and conditions set forth in the APA is
5  reasonable in relation to the Purchaser's efforts, the magnitude of
6  the Contemplated Transactions, and the Purchaser's lost
7  opportunities resulting from the time spent pursuing the
8  Contemplated Transactions. The Purchaser has expended over
9  $1 million in documenting and negotiating the Sale, therefore, the
10 Stalking-Horse Bidder Fee of $1 million is directly related to the
11 unreimbursed amounts incurred by the Purchaser in relation to the
12 Contemplated Transactions herein. In the absence of AWBC's
13 obligation to pay the Stalking-Horse Bidder's Fee in its entirety,
14 the Purchaser would not have entered into the APA. The assurance
15 of the Stalking-Horse Bidder's Fee therefore promotes more
16 competitive bidding by inducing the Purchaser's bid that otherwise
17 would not have been made, and without which bidding would have
18 been limited.

19 (ii)  Minimum Overbid. The Minimum Overbid will also benefit
20       AWBC's estate because it will function as an effective tool to
21       identify only highly motivated bidders. A Minimum Overbid on
22       the terms described in the Bidding Procedures will ensure both that
23       the competing bidders are serious and that their overbids are
24       meaningfully better for AWBC (considering the added cost of
25       facilitating further diligence to new bidders under time and
26       publicity constraints). The Minimum Overbid will ensure that the

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 5
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

10-06097-PCW11   Doc 131   Filed 11/18/10   Entered 11/18/10 15:47:12   Pg 5 of 22

Auction will generate a material benefit to AWBC's estate as a whole.

    (iii)    Bidding Increments.  Similarly, the Bidding Increments, on the terms described in the Bidding Procedures, will function as an effective filtering tool in the pool of prospective bidders and ensure that competing bidders are seriously motivated to purchase the Shares and the Other Purchased Assets.  Thus, the Bidding Increments also provide a benefit to AWBC's estate.

F.    Under the circumstances, and particularly in light of the extensive prior marketing of the Shares and the Other Purchased Assets, the Bidding Procedures constitute a reasonable, sufficient, adequate, and proper means to provide potential competing bidders with an opportunity to submit and pursue higher and better offers for the Shares and the Other Purchased Assets.

G.    Time is of the essence with respect to the entry of this Bidding Procedures Order.

H.    AWBC's estate will suffer harm if the relief requested in the Sale Motion is not granted on an expedited basis consistent with the provisions set forth herein and the APA.

I.    The Sale Motion and this Bidding Procedures Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Sale Motion is GRANTED to the extent set forth herein on a final basis.

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 6
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1        2.     The Bidding Procedures set forth in this Bidding Procedures Order

2 shall be utilized in (i) the marketing, negotiating and consummating the Sale of

3 the Shares and the Other Purchased Assets free and clear of all Encumbrances

4 and (ii) the assumption, and assignment to the Bank, by AWBC of certain 365

5 Contracts.

6                                Bidding Procedures

7        3.     The Bidding Procedures, as set forth in <u>Exhibit A</u> hereto (and

8 incorporated herein by reference as if fully set forth in this Bidding Procedures

9 Order), are hereby approved and shall govern all proceedings relating to the

10 Sale, the APA, and any subsequent bids for the Shares and the Other Purchased

11 Assets in this case.

12        4.     The failure specifically to include or reference any particular

13 provision of the Bidding Procedures in this Order shall not diminish or impair

14 the effectiveness of such procedure, it being the intent of this Court that the

15 Bidding Procedures be authorized and approved in their entirety.

16        5.     Any person wishing to submit a higher or better offer for the

17 Shares and the Other Purchased Assets, or any portion thereof, must do so in

18 accordance with the terms of the Bidding Procedures.

19        6.     No other party submitting any other offer to purchase the Shares

20 and the Other Purchased Assets (or a portion thereof) or having made a

21 Qualified Bid of any nature: (a) may request as part of any such offer any

22 expense reimbursement, break-up fee, or termination payment or any other

23 similar fee or payment in connection with the Sale process contemplated by

24 these Bidding Procedures; or (b) shall be entitled to any of the foregoing

25 payments by reason of having tendered any such offer to purchase the Shares

26 and the Other Purchased Assets (or a portion thereof).

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 7
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1    7.    In order to participate at the Auction, an Overbidder must submit

2    its bid in a form acceptable to AWBC (with copies to certain professionals as

3    explained in the Bidding Procedures) on or before **November 29, 2010 at 5:00**

4    **p.m. (prevailing Pacific Time)** (the "Bid Deadline"), as further described in

5    the Bidding Procedures.

6                              Bidding Protections

7    8.    The Stalking-Horse Bidder Fee ~~is~~/approved. *has been* {PW}

8    9.    The Bidding Protections described in the APA are hereby

9    approved and shall be enforceable in accordance with the APA's terms.  AWBC

10   is hereby authorized to make the Bidding Protection payments, subject to the

11   terms and conditions set forth in the APA, provided that in no event will the

12   Bidding Protections be paid in the absence of a Sale Order.  AWBC's

13   obligations in respect of the Stalking-Horse Bidder's Fee shall survive

14   termination of the APA and, until paid, shall constitute an administrative

15   expense of AWBC's estate pursuant to sections 503(b) and 507(a)(l) of the

16   Bankruptcy Code and shall be paid in accordance with the term of the APA

17   without further order of this Court.

18                                 Sale Hearing

19   10.   The Sale Hearing to consider approval of the Sale to the Successful

20   Bidder (or to approve the APA if no Auction is held) will take place on

21   **December 9, 2010 at 10:30 a.m. (prevailing Pacific Time)** in the courtroom

22   of the Honorable Judge Williams in the United States Bankruptcy Court for the

23   Eastern District of Washington, 904 West Riverside Avenue, Suite 304,

24   Spokane, Washington 99201.

25   11.   Objections to the entry of an order approving the Sale and the

26   related relief requested in the Sale Motion must be made in writing and must be

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 8
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1  filed with this Court and served upon the following parties (collectively, the

2  "Notice Parties") so as to be received by no later than five (5) days prior to the

3  Sale Hearing: (i) AmericanWest Bancorporation, 41 W. Riverside Ave., Suite

4  300, Spokane, WA 99201, Attn: Jay B. Simmons, General Counsel; (ii) Dillon

5  Jackson, Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle,

6  Washington 98101-3299, counsel for AWBC; (iii) G. Larry Engel, Morrison &

7  Foerster LLP, 425 Market Street, San Francisco, California 94105-2482, special

8  counsel for AWBC and the Company Individuals; (iv) Van C. Durrer II,

9  Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Ave., Suite

10  3400, Los Angeles, CA 90071, counsel for the Purchaser; (v) the Office of the

11  United States Trustee; and (vi) Sandler O'Neill & Partners, L.P., 455 Market

12  Street, Suite 2070, San Francisco, CA 94105, Attn: Albert Glowasky, financial

13  advisor to AWBC.

14      12.  The Sale Hearing may be adjourned from time to time without

15  further notice to creditors or parties-in-interest other than by announcement of

16  the adjournment in open Court or on this Court's calendar on the date scheduled

17  for the Sale Hearing or any adjourned date.

18                    Assumption and Assignment Procedures

19      13.  The following procedures shall govern the assumption and

20  assignment of 365 Contracts in connection with the Sale:

21      (a)  AWBC has previously served on each of the non-debtor

22  counterparties to the 365 Contracts (each a "Counterparty") a notice (the

23  "Assignment Notice") specifying the cure amounts necessary to assume each of

24  the 365 Contracts (the "Cure Cost") and AWBC's intention to assume and

25  assign such agreements to the Bank.

26      (b)  Objections, if any, to the proposed Cure Costs, or to the proposed

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 9
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

10-06097-PCW11   Doc 131   Filed 11/18/10   Entered 11/18/10 15:47:12   Pg 9 of 22

assumption and assignment of the 365 Contracts, including, but not limited to,
objections relating to adequate assurance of future performance or objections
relating to whether applicable law excuses the Counterparty from accepting
performance by, or rendering performance to, the Bank for purposes of section
365(c)(1) of the Bankruptcy Code, must be in writing and filed with this Court
and served on the Notice Parties so as to be received no later than ten days after
service of an Assignment Notice (the "Designation and Cure Objection
Deadline").

        (c)     Where a Counterparty files an objection meeting the requirements
set forth herein, objecting to the assumption by AWBC and assignment to the
Bank of such 365 Contract (the "Disputed Designation") and/or asserting a cure
amount higher than the proposed Cure Costs listed on the Assignment Notice
(the "Disputed Cure Costs"), AWBC, the Purchaser, or the Successful Bidder
(as the case may be), and the Counterparty shall meet and confer in good faith
to attempt to resolve any such objection without Court intervention. If AWBC,
the Counterparty, and the Purchaser (or the Successful Bidder, as the case may
be), determine that the objection cannot be resolved without judicial
intervention, then the determination of the assumption and assignment of the
Disputed Designation and/or the amount to be paid under section 365 of the
Bankruptcy Code with respect to the Disputed Cure Costs will be determined
by this Court at the next scheduled omnibus hearing that is on a date not less
than ten days after the service of such objection, or such other date as
determined by this Court, unless AWBC, the Purchaser (or the Successful
Bidder, as the case may be), and the Counterparty to the 365 Contract agree
otherwise. If this Court determines at this hearing that the 365 Contract will not
be assumed and assigned, then such executory contract shall no longer be

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 10
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700

considered a 365 Contract, provided, however, that after such determination is made by this Court, AWBC may propose a new Cure Cost in accordance with the procedures set forth herein, including providing the applicable Counterparty with the Assignment Notice setting forth the redesignation and proposed new Cure Cost of the 365 Contract.

(d)     Any Counterparty to a 365 Contract who fails to timely file an objection to the proposed Cure Costs or the proposed assumption and assignment of a 365 Contract by the Designation and Cure Objection Deadline is deemed to have consented to such Cure Costs and the assumption and assignment of such 365 Contract, and such party shall be forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against AWBC, its estate, the Bank, or the Purchaser (or the Successful Bidder, as the case may be).

(e)     If the Counterparty to a 365 Contract fails to timely object to the assumption and assignment of a 365 Contract or the proposed Cure Cost relating thereto by the Designation and Cure Objection Deadline, or upon the resolution of any timely objection by agreement of the parties or order of this Court approving an assumption and assignment, such 365 Contract shall be deemed to be assumed by AWBC and assigned to the Bank, and the proposed Cure Cost related to such 365 Contract shall be established and approved in all respects, subject to the conditions set forth directly below.

(f)     AWBC's decision to assume and assign the 365 Contracts is subject to Court approval and consummation of the Sale. Accordingly, subject to the satisfaction of conditions in connection with the Sale, AWBC shall be deemed to have assumed and assigned the 365 Contracts as of the date of and effective only upon the Closing Date (as defined in the APA), and absent such

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 11
sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  closing, each of the 365 Contracts shall neither be deemed assumed nor

2  assigned and shall in all respects be subject to subsequent assumption or

3  rejection by AWBC under the Bankruptcy Code. Also, inclusion of any

4  document on the list of 365 Contracts in the Assignment Notice shall not

5  constitute or be deemed to be a determination or admission by AWBC, the

6  Bank, or the Purchaser (or the Successful Bidder, as the case may be) that such

7  document is, in fact, an executory contract within the meaning of the

8  Bankruptcy Code, all rights with respect thereto being expressly reserved.

9      (g)    Except as may otherwise be agreed to by the parties to a 365

10  Contract, the defaults under the 365 Contracts that must be cured in accordance

11  with section 365(b) of the Bankruptcy Code shall be cured as follows: AWBC

12  shall pay all Cure Costs relating to an assumed executory contract within ten

13  days after the later of (i) the Closing Date or (ii) the date on which such 365

14  Contract is deemed assumed and assigned.

15                    Retention of Jurisdiction

16      14.    This Court shall retain jurisdiction over any matter or dispute

17  arising from or relating to the implementation of this Bidding Procedures Order.

18  DATED this 18th day of November

19  2010

20                              _Patricia C Williams_
                               The Honorable Judge
21                              Patricia C. Williams

22

23

24

25

26

FINAL ORDER APPROVING (A) BIDDING PROCEDURES, (B) BIDDING
PROTECTIONS, AND (C) FORM AND MANNER OF NOTICE OF (i) SALE OF
ASSETS AND (ii) ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS - 12

sf-2921939

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

# EXHIBIT A

# AMENDED BIDDING PROCEDURES

By motion dated October 28, 2010 (the "Motion"),[1] AmericanWest Bancorporation ("AWBC"), a Washington corporation and debtor-in-possession in a case under Chapter 11 of the United States Bankruptcy Code (the "Case"), sought approval of, among other things, the procedures pursuant to which it will determine the highest or otherwise best price for the sale (the "Sale") of all of the issued and outstanding shares of common stock (the "Shares") of AWBC's wholly owned subsidiary, AmericanWest Bank, a Washington state-chartered bank (the "Bank"), and the Other Purchased Assets, pursuant to the terms of, and substantially in the form of, that certain Asset Purchase Agreement by and among (i) SKBHC Hawks Nest Acquisition Corp, a Delaware corporation, as stalking horse bidder (the "Stalking Horse Bidder" or the "Purchaser"), (ii) SKBHC Holdings LLC, a Delaware limited liability company, and (iii) AWBC (the "Seller"), dated as of October 27, 2010 (the "APA") attached to the Motion.

On November 3, 2010, the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Court") entered an order (the "Bidding Procedures Order"), which, among other things, authorized, on an interim basis, AWBC to determine the highest or otherwise best price for the Shares and the Other Purchased Assets through the process and procedures set forth below (the "Bidding Procedures").

On December 9, 2010 at 10:30 a.m. (prevailing Pacific Time) (or such other date and time as may be designated), or as soon thereafter as counsel can be heard, as further described below, in the Motion, and in the Bidding Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") at which AWBC shall seek entry of an order or orders (the "Sale Order") authorizing and approving the Sale (or sales) of the Shares and the Other Purchased Assets pursuant to the terms of the Successful Bid (as defined below).

---

[1] The "Motion" referred to herein is the *Motion for Orders Pursuant to 11 U.S.C. §§ 105(a), 363(b), and 365; Fed. R. Bankr. P. 2002, 6004, 6006, and 9014; and L.B.R. 6004-1 (I) Approving (A) Bidding Procedures and (B) the Form and Manner of Notice of (i) the Sale of Certain Assets and (ii) the Assumption and Assignment of Certain Executory Contracts, and Granting Related Relief; (II) Authorizing and Approving (A) the Sale of Certain Assets and (B) the Assumption and Assignment of Certain Executory Contracts; and (III) Waiving the 14-Day Stay of Fed. R. Bankr. P. 6004(h) and 6006(d)* [Docket No. 2]. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

## 1. Participation Requirements

(a)     In order to be qualified to receive any confidential information from AWBC or the Bank, to submit an Initial Overbid, as that term is hereinafter defined, and to participate in the Auction, a potential bidder must submit each of the following to AWBC on a timely basis:

(i)     An executed confidentiality agreement which shall inure to the benefit of the Successful Bidder, in a form and substance acceptable to AWBC and the Purchaser; and

(ii)     Current audited financial statements and latest unaudited financial statements of the bidder or, if such bidder is an entity formed for the purpose of acquiring the Shares and the Other Purchased Assets, current audited financial statements and latest unaudited financial statements of the equity holders or sponsors of such bidder who will guarantee the obligations of such bidder, or such other form of financial disclosure and/or credit-quality support or enhancement, if any, that will allow AWBC to make a reasonable determination as to such bidder's financial and other capabilities to consummate the Sale (including, but not limited to, the ability to obtain all necessary regulatory approvals with respect to the ownership of the Shares and operation of the Bank on a timely basis).

(b)     Any potential bidder that has timely submitted the materials referred to in subparagraphs (i) and (ii) of Section 1(a) above shall be referred to as an "Overbidder" hereinafter.

## 2. Bid Requirements

(a)     In order to participate at the Auction, an Overbidder must submit the following to AWBC prior to the Bid Deadline (as defined below):

(i)     a proposed asset purchase agreement (the "Competing Purchase Agreement"), executed by the Overbidder, that (a) contains terms and conditions that are substantially the same or better than those in the APA, along with a redlined, marked copy showing all changes between the Competing Purchase Agreement and the APA, (b) provides for a purchase price to be paid to AWBC that exceeds the sum of the Cash Purchase

2

10-06097-PCW11    Doc 131    Filed 11/18/10    Entered 11/18/10 15:47:12    Pg 15 of 22

Price[2] and the Stalking-Horse Bidder Fee[3] by at least Five Hundred Thousand Dollars ($500,000) or such other initial increment as may be approved by the Bankruptcy Court (such total amount, the "Minimum Overbid"), (c) provides for the recapitalization of the Bank through an equity contribution on terms not less favorable to the Bank than the Equity Contribution and, in any event, on terms acceptable to Governmental Authorities, (d) remains irrevocable until the earlier of the Closing or fifteen (15) days after entry of the Sale Order, (e) disclaims any right of Overbidder to receive a fee analogous to the Stalking-Horse Bidder Fee or to compensation under Bankruptcy Code Section 503(b) for making a substantial contribution and (f) contains a proposed closing date that is not later than the Outside Date hereunder;

(ii)     a cashier's check made payable to the order of AWBC in the amount of Eight Million Dollars ($8,000,000) or such other amount as may be approved by the Bankruptcy Court (the "Overbidder's Deposit") which will be retained by AWBC as a nonrefundable deposit for application against the purchase price at the closing of the transaction, or returned to the Overbidder within three (3) calendar days of the Closing, in the event that the Bankruptcy Court does not approve a sale of the Shares and the Other Purchased Assets to the Overbidder;

(iii)    admissible evidence in the form of affidavits or declarations establishing that the Overbidder has the financial ability to pay the purchase price set forth in the Competing Purchase Agreement, provided that AWBC may waive such requirement after consultation with counsel for Wilmington Trust Company and U.S. Bank National Association (collectively, the "Indenture Trustees") and any official committee of unsecured creditors duly appointed in the Case (the "Committee") if such Overbidder has provided information that AWBC believes is adequate for such purpose;

(iv)    admissible evidence in the form of affidavits or declarations establishing the Overbidder's good faith, within the meaning of

---

[2]   Pursuant to the terms of the APA, the Cash Purchase Price is Six Million Five Hundred Thousand Dollars ($6,500,000).

[3]   Pursuant to the terms of the APA, the Stalking Horse Bidder Fee is One Million Dollars ($1,000,000).

3

Section 363(m) of the Bankruptcy Code, provided that AWBC may waive such requirement after consultation with counsel for the Indenture Trustees and any Committee if such Overbidder has provided information that AWBC believes is adequate for such purpose;

(v)     admissible evidence in the form of affidavits or declarations establishing that the Overbidder is capable and qualified, financially, legally, and otherwise, of unconditionally performing all obligations under the Competing Purchase Agreement, provided that AWBC may waive such requirement after consultation with counsel for the Indenture Trustees and any Committee if such Overbidder has provided information that AWBC believes is adequate for such purpose;

(vi)    admissible evidence in the form of affidavits or declarations establishing that the Overbidder has or is capable of obtaining all required regulatory approvals to perform all of its obligations under the Competing Purchase Agreement and to close the transaction not later than the Outside Date, provided that AWBC may waive such requirement after consultation with counsel for the Indenture Trustees and any Committee if such Overbidder has provided information that AWBC believes is adequate for such purpose; and

(vii)   a disclaimer of any right of Overbidder to receive a fee analogous to the Stalking-Horse Bidder Fee or to compensation under Bankruptcy Code Section 503(b) for making a substantial contribution.

(b)     AWBC shall, promptly upon receipt of such bids, provide copies of the bids to counsel for the DIP Lender (as that term is defined in the *Motion of AWBC for Entry of Order (I) Authorizing AWBC to Obtain Postpetition Financing on a Senior Secured, Superpriority Basis; and (II) Authorizing the Use of Cash Collateral* [Docket No. 4]) and counsel for the Indenture Trustees and any Committee.

(c)     A bid received from an Overbidder that meets the requirements set forth above will be considered a "Qualified Bid" if AWBC reasonably believes that such bid would be consummated if selected as a Successful Bid (defined below), after consulting with counsel for the Indenture Trustees any Committee.

4

(d)  The Purchaser, and any entity that submits a timely, conforming Competing Purchase Agreement, a Qualified Bid, and an Overbidder's Deposit (collectively, an "Initial Overbid"), as set forth above, shall each be deemed a "Qualified Overbidder" and may bid for the Shares at the Auction. In order for the Purchaser to be deemed a Qualified Overbidder, the Purchaser also shall deliver to AWBC a cashier's check made payable to the order of AWBC in the amount of Seven Million Dollars ($7,000,000) less actual amounts funded by the Purchaser under the debtor-in-possession financing agreement (the "Stalking Horse Deposit"), which will be retained by AWBC as a deposit for application against the purchase price at the closing of the transaction. The Stalking Horse Deposit will be refunded within three (3) calendar days of the closing, in the event that the Bankruptcy Court does not approve a sale of the Shares and the Other Purchased Assets to the Purchaser, provided that the APA is not terminated prior to the closing due to the Purchaser's uncured breach. Any entity (other than the Purchaser) that fails to submit a timely, conforming Initial Overbid, as set forth above, shall be disqualified from bidding for the Shares and the Other Purchased Assets at the Auction.

## 3.  Bid Deadline

(a)  The deadline for submitting bids by an Overbidder shall be **November 29, 2010 at 5:00 p.m. (prevailing Pacific Time)** (the "Bid Deadline").

(b)  Prior to the Bid Deadline, an Overbidder that desires to make a bid shall deliver written copies of its bid via overnight mail and electronic mail to: (i) AmericanWest Bancorporation, 41 W. Riverside Avenue, Suite 300, Spokane, Washington 99201, Attn: Mr. Jay B. Simmons, Esq. (jsimmons@awbank.net); (ii) Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle, Washington 98101, Attn: Dillon E. Jackson, Esq. (jackd@foster.com), Morrison & Foerster LLP, 425 Market Street, San Francisco, California 94105, Attn: G. Larry Engel, Esq. (lengel@mofo.com), counsel to AWBC; and (iii) Sandler O'Neill + Partners, L.P., 455 Market Street, Suite 2070, San Francisco, California 94105, Attn: Albert Glowasky, Managing Director (aglowasky@sandleroneill.com), investment bankers to AWBC.

## 4.  Auction

(a)  If no timely, conforming Initial Overbid is submitted, AWBC shall not conduct an Auction and shall request at the Sale Hearing that the Bankruptcy Court approve the APA, including the Sale of the Shares and the Other Purchased Assets to the Purchaser and the Equity Contribution contemplated

thereby, and request that the Sale Order shall be immediately effective upon entry, notwithstanding the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 62(g) of the Federal Rules of Civil Procedure;

        (b)     If one or more timely conforming Initial Overbids is received, AWBC shall conduct an auction of the Shares and the Other Purchased Assets (the "Auction"), subject to approval of the Bankruptcy Court, in which the Purchaser and all other Qualified Overbidders may participate. The Auction shall be governed by the following procedures:

        (i)     all Qualified Overbidders shall be deemed to have consented to the core jurisdiction of the Bankruptcy Court and to have waived any right to jury trial in connection with any disputes relating to the Auction or the Sale of the Shares and the Other Purchased Assets;

        (ii)    all Qualified Overbidders shall be deemed to consent to provide AWBC with admissible evidence in the form of affidavits or declarations establishing (A) the Qualified Overbidder's good faith, within the meaning of Section 363(m) of the Bankruptcy Code, (B) the fact that the Qualified Overbidder is capable and qualified, financially, legally, and otherwise, of unconditionally performing all obligations under the Competing Purchase Agreement (or the APA) and (C) the fact that the Qualified Overbidder has or is capable of obtaining all required regulatory approvals to perform all of its obligations under the Competing Purchase Agreement (or the APA) on or before the deadline set by AWBC, provided that AWBC may waive such requirements after consultation with counsel for the Indenture Trustees and any Committee if such Overbidder has provided information that AWBC believes is adequate for such purposes;

        (iii)   each bid by a Qualified Overbidder (other than the Purchaser) shall be automatically reduced by an amount equal to the Stalking-Horse Bidder Fee;

        (iv)   bidding will commence at the amount of the highest bid submitted by a Qualified Overbidder, as determined by AWBC, subject to approval by the Bankruptcy Court;

6

(v)     each subsequent bid shall be in increments of no less than Five Hundred Thousand Dollars ($500,000) or such other increment as may be approved by the Bankruptcy Court, provided, however, that AWBC may, after consultation with counsel for the Indenture Trustees and any Committee, reduce such increment to ensure that the Bidding Procedures maximize value to the estate;

(vi)    the Purchaser shall have the right, but not the obligation, in its sole and absolute discretion, to match bids made by any Qualified Overbidder and, in such event, the Purchaser's matching bid shall be deemed the highest and best bid for the Shares and the Other Purchased Assets;

(vii)   immediately prior to concluding the Auction, AWBC shall, (a) review each Qualified Bid on the basis of its financial and contractual terms and the factors relevant to the Sale process and the best interests of AWBC's estate and creditors; (b) after consultation with counsel for the Indenture Trustees and any Committee, determine and identify the highest or otherwise best Qualified Bid (the "Successful Bid") and the Qualified Overbidder submitting such bid (the "Successful Bidder"); (c) determine and identify the next highest or otherwise best Qualified Bid or after the Successful Bid (the "Next Highest Bid") and the Qualified Overbidder submitting such bid (the "Next Highest Bidder");

(viii)  if, upon conclusion of the Auction, and consistent with the terms of the Bidding Procedures, the Purchaser's final bid matches or is greater than the highest bid made by any Qualified Overbidder, the Bankruptcy Court shall approve the APA, including the Sale of the Shares and the Other Purchased Assets to the Purchaser and the Equity Contribution contemplated thereby, and authorize AWBC to sell the Shares and the Other Purchased Assets to the Purchaser, and the amount of the Purchaser's final bid shall constitute the Cash Purchase Price under the APA; and

(ix)    AWBC may, with Bankruptcy Court approval, elect to deem the Purchaser's final bid to be the highest bid, notwithstanding the receipt of an apparently higher bid from another Qualified

7

Overbidder, if AWBC reasonably concludes that the Qualified Overbidder may not be able to close on a timely basis, or for any other reason, after consultation with counsel for the Indenture Trustees and any Committee.

(c) The Purchaser has standing and is deemed to be a party in interest with standing to be heard on any motion, hearing or other matter related to the APA or any bid, or other sale of assets subject to the APA. In addition, other Qualified Overbidders shall have standing to raise objections with respect to compliance with the Bidding Procedures.

(d) If a Qualified Bid by an Overbidder is received by the Bid Deadline, the Auction shall take place on **December 8, 2010 beginning at 9:00 a.m. (prevailing Pacific Time)** at the offices of Foster Pepper PLLC, 1111 Third Avenue, Suite 3400, Seattle, WA 98101-3299 (telephone 206-447-4400), or such other place and time as AWBC may determine, so long as such change is communicated reasonably in advance to all Qualified Overbidders and other invitees, if any. If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held, and the APA will be deemed the Successful Bid, and AWBC will immediately seek authority from the Bankruptcy Court to consummate the Sale contemplated by the APA.

## 5. Sale Hearing

(a) A hearing to consider approval of the Sale to the Successful Bidder (or to approve the APA if no Auction is held) will take place on **December 9, 2010 at 10:30 a.m. (prevailing Pacific Time)** in the courtroom of the Honorable Judge Williams in the United States Bankruptcy Court for the Eastern District of Washington, 904 West Riverside Avenue, Suite 304, Spokane, Washington 99201 (the "Sale Hearing"). Objections to the Sale must be filed on or before **December 4, 2010.**

(b) If (i) an Auction is held, (ii) a Successful Bidder and Next Highest Bidder are selected; and (iii) the Bankruptcy Court approves the Sale to the Successful Bidder; and (iv) the sale to such Successful Bidder is not consummated because of a breach or failure to perform on the part of such Successful Bidder, then Seller shall be authorized to consummate the Sale to the Next Highest Bidder without further court order or notice to any other party. Notwithstanding the foregoing sentence, if the Stalking Horse Bidder is the Next Highest Bidder, it shall be entitled to obtain such orders of the court as are provided for in the APA as conditions to the Closing, as well as the satisfaction of

8

the other applicable conditions of the APA, prior to being obligated to consummate the APA.

## 6.     Return of Overbidder's Deposit

(a)     Except as otherwise provided below with respect to any Successful Bidder and any Next Highest Bidder (other than the Stalking Horse Bidder), the Overbidder's Deposits of all Overbidders required to submit such a deposit under the Bidding Procedures shall be returned within three Business Days after the conclusion of the Auction.

(b)     The Overbidder's Deposit of the Successful Bidder shall be held until the closing (or the Closing if closing occurs under the APA) of the Sale and applied in accordance with the Successful Bid. If a Successful Bidder, other than the Stalking Horse Bidder, fails to close the Sale, such party's Overbidder's Deposit shall be forfeited to, and retained by, Seller and applied as follows: first, to Stalking Horse Bidder in payment of the Stalking Horse Bidder Fee as provided in the APA, if (a) the Stalking Horse Bidder is not selected as, or does not become, the Successful Bidder, and (b) such Sale actually closes; and second, shall be held by the Seller pending further order of the Bankruptcy Court.

(c)     The Overbidder's Deposit of the Next Highest Bidder shall be returned upon or within three Business Days after the closing (or the Closing, if closing occurs under the APA) of the Sale to the Successful Bidder. In the event AWBC proceeds to closing with the Next Highest Bidder, the Overbidder's Deposit of the Next Highest Bidder shall be held until the closing of the Sale with the Next Highest Bidder and applied in accordance with the Next Highest Bid. If the Next Highest Bidder, other than the Stalking Horse Bidder, fails to close the Sale, such party's Overbidder's Deposit shall be forfeited to, and retained by Seller, and then paid by Seller as set forth in the previous paragraph.

9